The Courts’ opinion was delivered by
Duncan. J.
The Courts of Common Pleas have a general jurisdiction in all civil .cases to any amount. To deprive them of jurisdiction,- it must be divested by manifest declarations, and the jurisdiction vested in some other tribunal. It is a rule in pleading in abatement to a Court of general jurisdiction, to set forth exclusive jurisdiction in some peculiar Court. I know not any action for debt or demand in which the jurisdiction is taken away.
It is contended that the sureties in a bond given by a constable for the execution of his office, are only sueable before a justice of the peace. The act of 20th March, 1810, the general act amending and consolidating the act (with its supplements) for the recovery of debts not exceeding one hundred dollars, before a justice of the peace, and for the election of constables, (5 Sm. 173,) in the 19th sect., provides, that if the constable is not a freeholder, he must give bond in one thousand dollars with at least one sufficient surety, to be taken in the name of the Commonwealth, for the just and faithful discharge of his office, by the clerk of the Sessions, to be held in trust for the use and benefit of all persons who may sustain injury from him in his official capacity by reason of neglect of duty, and for the like purposes and uses as sheriff’s bonds are usually given. We must then look to the act of *247 28th March, 1803, respecting sheriffs’ bonds. This act provides, that persons aggrieved by the misconduct of sheriffs, may bring actions of debt in the name of the Commonwealth, as often as the case may require, and recover judgment for the damages they may have sustained, and like proceedings to be had toties quo ties damages are sustained. Formerly, one action only was brought in the name of the Commonwealth, and judgment taken for the whole penalty, for the use of all aggrieved ; and the party aggrieved proceeded by scire facias and recovered judgment for his own particular damages. The 19th sect, of the act of 20th March, 1810, contains a provision apparently inconsistent with this, for it enacts, “ that any constable who has or may thereafter give security for the faithful performance of the duties of his office, and afterwards on neglecting or refusing to perform such duties, shall have judgment recovered against him for such neglect or refusal, or being prosecuted' for the recovery of such judgment becomes insolvent, abandons his country or from any other reason it becomes impracticable for such judgment to be recovered, or where he makes default and abandons his country before judgment is had against him, then, and in such cases only, the justice before whom the judgment stands unpaid is authorised to issue a scire facias, and proceed against such bail for the recovery of judgment had as aforesaid in the manner that constables are sueable, saving only the right of appeal to such sureties.” To impose on the party the duty to proceed against the constable until it is ascertained by suit that recovery is impracticable, does not altogether comport with the condition of the bond ; and it is repugnant to the provision of the act, that the constable’s bond shall be for the like purposes and uses as sheriffs’ bonds. It is the duty of the Court to reconcile as far as they can by any fair construction these clashing provisions. This can be done without any forced interpretation, by leaving to the party injured his election of these two concurrent jurisdictions. If he proceeds by scire facias before the justice, an attempt by suit must first be made to recover the damages from the constable; if that is impracticable, then to have recourse to the bail. But he may elect to proceed in the Court of Common Pleas,- in which case he proceeds as on a sheriffs’ bond. If he does not recover more than one hundred dollars, he is not entitled to any costs. This con *248 struction is more convenient to all parties. It cannot oppress the bail with unnecessary costs, nor will it expose the plaintiff to unnecessary delay and expense in a legal pursuit of an insolvent constable, for he cannot recover the costs of such procedure against the bail, which would be manifestly unjust. These costs might in some cases be no inconsiderable sum; traders and mechanics may have fifty judgments before the same justice against fifty several debtors •, must they at their own expense proceed by fifty suits against the constable before they can resort to the bail, when in one action for the penalty they might unite all the delinquencies of the constable, and by assigning several breaches recover all, up at least to the amount of the whole penalty.
The jurisdiction of the Court of Common Pleas, is not taken away by express words, nor by any necessary or manifest intendment, but it is preserved by the 26th section. Nothing can be more conclusive than this, for after making all debts and demands not exceeding one hundred dollars, cognisable before a justice of the peace, the section provides, that if any person shall commence, sue, or prosecute, any suit or suits for any debt or demand made cognisable as aforesaid, (that is before a justice of the peace,) in any other manner than is directed by the act, and shall obtain a verdict or judgment thereon, which, without costs of suit shall not amount to more than one hundred dollars, not having caused an oath or affirmation to be made before the obtaining of the writ, and having filed the same in the office, that the party truly believes the debt due, or damages sustained exceed one hundred dollars, he or they so prosecuting shall not recover costs in such suit. The party may elect his jurisdiction ; it is optional; these jurisdictions may afford different remedies by different process, but the jurisdictions are concurrent. The Court of Common Pleas had jurisdiction, and the judgment is affirmed.
Judgment affirmed.