The judgment of the Court was delivered by
Duncan J. —
Two questions are raised on this record:
The first is, whether, on a bond given by a constable and his sureties, the Court of Common Pleas has jurisdiction?
Second. If the Court had jurisdiction, it is contended that the verdict and judgment are wrong; that they should-have been for the penalty, and damages assessed on the breaches assigned, so that any one aggrieved by the official misconduct of the constable, could proceed on the judgment by scire facias.
The Act of the 20th of March, 1810, sec. 19, Purd. Dig. 361, provides, that where a constable has given security, and on neglecting to perform his duties, shall have a judgment rendered against him for such neglect or refusal, and on being prosecuted for the recovery of such judgment, becomes insolvent, abandons his country, or for any other reason, it becomes impracticable to recover such judgment, or if he abandon his country before judgment had against him, then and and in such cases only, the justice before whom the judgment stands unpaid, shall be and is authorised to issue a scire fa~ *416 cias, and proceed against such bail for the recovery, in the manner that constables are now suable, saving only the right of appeal to such sureties.”
There are only two special cases under this section, in which a scire facias against the bad is authorised: the one is, where judgment is first rendered against the constable, and he absconds or is insolvent, or it becomes, for some other reason, impracticable to recover the judgment from him; the other is, where he absconds before judgment. If the letter be strictly adhered to, then if the constable died before judgment, and the .party could only proceed by scire facias, he would be without remedy. The constable who died could not be said to have absconded his country. Absconding his country is not departing this life. It never can be said, that a debtor who dies is an absconding debtor. This is a difficulty in the way of the plaintiff in error’s construction. But there is an insuperable objection to this construction. For if the bail reside in another county or remove to another State, the- justice can issue no scire facias that would reach him ; for the scire facias is to issue by the justice before whom the judgment stands unpaid. The Act of the 21st of March, 1806, Purd. Dig. 2, declares, that where a remedy is prescribed, or duty7 enjoined, or any act required to be done, by any Act of Assembly, the directions of that Act shall be strictly pursued, and no penalty shall be inflicted, or any thing done, agreeably to the provisions of the common law, further than is necessary to carry such Act into effect. If this provision applied to a question of this kind, it might well be contended, that the provisions of the common law must be called in to inforce a duty enjoined by the Act of the 20th of March, 1810; and without resorting to the common law remedy with respect to recovery against the bail of constables, in some cases, the duty could not be inforced. Blit the Legislature have not left the matter in any doubt; for the 26th section of that Act provides, that if any person shall commence an action, &c. in any other manner than is directed by the Act, unless he shall obtain a verdict or judgment for an amount exceeding one hundred dollars, not having filed an affidavit or affirmation of his belief that the debt due, or damages sustained, exceeded that sum, he shall not recover any costs. Here the party hay. *417 chosen his jurisdiction at the risk of not recovering costs. He has not recovered them. The decision of the Court, in deciding that the jurisdiction of the Court of Common Pleas and of justices of the peace was concurrent, is right. The 29th section of the 20th of March, 1810, provides, “ that if a constable is not a freeholder, he shall become bound in an obligation with at least one sufficient security, to be approved by the Court of Quarter Sessions, to be taken in the name of the Commonwealth, by the Clerk of the said Court, for the faithful discharge of his office, in trust for the use and benefit of all persons who may sustain injury from him in his official capacity, by reason of his neglect of duty, and for the like purposes and uses as Sheriff’s bonds are usually7 given.” We must then turn to the Act regulating proceedings on Sheriff’s bonds, and inquire what proceedings are to be instituted on these bonds. The enactment is u that it shall and may be lawful for the Commonwealth, or any individual or individuals, as often as the case may require, to institute actions of debts upon sucfi bonds; and if upon such suits it shall be proved what damage^ have been sustained and a verdict and judgment shall be therein given, execution shall issue only for so much as shall be found due by the said verdict; which suits maybe instituted and the like proceedings therein had, as often as damages shall be sustained.” Nothing can be clearer, than that each party aggrieved is to institute his own action in the name of the Commonwealth for his use. Suits on the bond are to be brought as often as damages are .sustained. Before the establishment of the present constitution, the mode was different, under a different Act. Then, the first judgment was in the name of the State for the whole penalty. No damages were assessed. Persons injured, issued scire facias’s in their own name, assigned the breaches in the scire facias, and recovered their particular damages, and so to-ties quoties until the whole penalty was recovered. The party’s right of priority in the judgment for the penalty, depended on the time he issued his scire facias. But very different indeed is the course under the Act of 1803 ; and the practice constantly has been, as was followed in this case. Still there can be no recovery beyond the penalty, against the sureties. The provision of the Act of 20th March, 1810, is '■'■for the like purposes and uses, as Sheriff’s bonds are usually given:,} It is *418 a very natural interpretation, that this intended as well the remedy as the right; and what fortifies this construction is, that otherwise a justice could not in any case have jurisdiction in debt on the bond: the penalty exceeds his jurisdiction ; he could not give judgment .for that. There can be but one action in which the penalty is to be recovered, — -that judgment for the penalty exhausts the btind. The bail, on this construction, for the most insignificant delinquencies of the constable, in any case, would be exposed to the costs of asuit .on a scire fac'ias in the Court of Common Pleas. This never .could be the intention of the Legislature; and construing these Acts, being in pari materia, as one uniform system, there is no other construction by which justice can be administered and the intention of the Legislature effected, than Jby considering the jurisdiction as concurrent. If it is considered as concurrent, it consequently follows, that several actions must be brought by every man injured and for the amount he is injured ; nominally for the penalty, but really .for the damages sustained ; in which judgment is never taken for the penalty, but a verdict generally for the plaintiff, assessing his damages.
Judgment affirmed.