The opinion of the court was delivered by
Duncan, J.
It is a plain principle, that on an appeal from the judgment of a justice of the peace, the plaintiff cannot introduce a new and different cause of action. Here it is alleged, that the declaration on the appeal is an action on a different instrument from that before the justice, being on a promissory note. In the Common Pleas, the action is founded on a single bill.
The misnomer of the instrument is very apparent. The date and the sums are the same. Now it is very improbable, that there should be two different instruments given on the same day and for the same sum. In common understanding, such an instrument as the one declared on is a promissory note, a promissory engagement, an obligation It is not the usual instrument, a bond, and differs from a promissory note only in this, that it has a seal, though it purports only to be under the hand of the maker. If this proceeding had been brought into the Court of Common Pleas, and the justice returned the- single bill as the cause of action, this mere informality would not vitiate his judgment. Prima facie, the causes of action were the same. If the appellant had denied this on the trial, he might have examined the justice, or any one conusant of the fact, to have shown, that the action before the justice, was on another written engagement than the one declared on. So he might- before the arbitrators, and if notwithstanding this evidence, they had found against him, he might have appealed, and availed himself of this defence. But it is not an error appearing on the face of'the proceedings. This is likewise an answer to the second specification of errors. It is evident, it was a mere mistake of the 6th for the 26th Jlugust. 3. The declaration is on an obligation irregularly assigned; it was not assigned in- the presence of two witnesses, nor is it so stated. The declaration proceeds throughout on a bill, the legal right to,payment being in the assignor and the assignee having the equitable right, the beneficial, though not the legal interest.
It is a sufficient answer to the fourth specification, without coh *123 sidering the question whether it does or does not appear that the sum was reduced by the appellee, by new and different evidence before the arbitrators, from the proof produced before the justice, or whether this must be taken for granted, nothing appearing on the record to the contrary, to say, that when this judgment was given, the act of the 28th March, 1820, 1th St. L. 310, was in full force, which declared, that so much of the 4th section of the act for the recovery of debts and demands not exceeding 100 dollars, before a justice of the peace, as relates to payfaent of costs on appeal is thereby repealed, and then provides, “ that whenever the plaintiff shall appeal from the judgment of a justice of the peace, and shall not recover a sum greater than the judgment so rendered, such plaintiff shall pay costs of suit, and in all other cases the costs shall be paid according to the final judgment awarded respectively in such case.” So that when the judgment was rendered, the appellee was entitled to costs. Subsequent to this, by act of 1st dlpril, 1823, this repealing clause is itself repealed, but this repeal does not take away the right of the party vested under existing laws. It is prospective, respects judgments afterwards to beobtained, and not judgments previously obtained. Bedford v. Shilling, decided by this court. 4 Serg. & Rawle, 401. That principle was there laid down in conformity to a long train of judicial decisions. This judgment is considered as the act of the Court of Common Pleas, and could not be reversed by any subsequent legislative provision. Such was far from being the intention of the legislature. It is simply a repeal of the repealing clause'. All acts done under a repealed statute while it was in force, are good. Judges are to decide, as the laws stood when they made the decisions. There obedience was paid to' the declared will of the legislature. Any subsequent alteration of that.will could not impugn acts done in conformity to it while it was in full force. If there had not been a judgment for the costs, the court would have erred as the law then stood, and the judgment would have been reversed, though a subsequent law took away the costs.
Judgment affirmed.
THE END OF LANCASTER TERM.
*125 CASES IN THE SUPREME COURT OP PENNSYLVANIA, •EASTERN DISTRICT-AUGUST, 1823,