The opinion of the court was delivered by
Gibson, J.
This action is not, as has been supposed, founded in an implied contract of the sheriff to execute his office with fidelity, but in tort. Trespass for a battery might with the same reason be held to arise ex contractu, the act for which it lies being a breach of the original compact, to which every member of society is supposed to be a party. The “ causes of action arising from contract either express or implied,” which appertain to the jurisdiction of a justice of the peace, are those which arise from an agreement or understanding immediately between the parties. It is evident, therefore, that it is not the form of the action, but the nature of the subject matter of it, which must decide the question of jurisdiction. Actions of debt often arise ex malificio and where there is not the semblance of a contract; as in all cases of penalties imposed by statute, for there the debt is created by the law and, not by the agreement of the parties. In fact, the debt to which the law subjects the sheriff for the escape of a prisoner in execution, is Strictly a penalty for official misfeazance. At the common law *45 there was no remedy for it but an action on the case, in which damages only to the extent of the injury suffered, were recoverable; and the action of debt was given by the statutes of Westminster 2, and 1 R. 2, c. 12, for the purpose of liquidating the damages, by fixing the sheriff with the exact sum for which the prisoner had been charged on execution. The court have since been governed by a consideration of the object of these statutes, which was not to change the essence of the cause of action, and have held that what was before a tort, did not become a breach of contract. In Jones v. Pope, (1 Saund. 38,) it was held, that this action was not within the 21 Jac. 1, c. 16, § 3, by which the commencement of “all actions of debt grounded upon any binding or contract without specialty,” is limited to six years after the cause of action has arisen. Now, the words of the statute, are quite as large as those in our act of assembly, yet they were held not to embrace a case exactly the same as that under consideration. The justice, therefore, before whom the action was commenced, had not jurisdiction. The other exceptions have been either relinquished, or so faintly pressed, that it is sufficient to say the judgment is reversed exclusively on the point of jurisdiction.
Judgment reversed.