The opinion of the court was delivered by
Gibson, J.
This penalty is declared to be recoverable as other debts were recoverable when the act was’ passed by which it is imposed. The jurisdiction of justices of the peace in the action of debt, as well by the acts of assembly then in force as those which have been passed to supply their place, has all along been restrained to causes of action arising from contract express or implied. When a statute imposes a penalty, but prescribes no method of recovery, recourse may doubtless be had to the action of debt; and every debt is said to arise out of a contract either express or implied. But in jurisprudence the word contract is generally used to denote a bargain or agreement; and it is plain, that in these acts of assembly it was used in that sense by the legislature, who had in view those contracts that arise immediately out of a course of dealing between the parties, and not that sort of contract that arises remotely out of the compact of government. In regard to the matter of costs, as affected by the choice of the forum, a party will always be able to estimate, with tolerable accuracy, the amount of a demand which arises out of a course of dealing, by recurring to the value of the property which was the subject of it, or the extent of the responsibility that was involved; but in an action for a penalty which is imposed as in this case for a tort, the damages can be measured by no standard whatever, and it is therefore impossible to swear with a safe conscience to any particular sum. But where the penalty is not given merely as compensation for the particular injury, but as a means of compelling performance of what has been made a duty on grounds of public expediency, the damages actually suffered would not constitute the sum which the injured party might be entitled to recover; they might be assessed as a punishment in terrorem, and therefore the amount of his demand might not be susceptible of estimation, even if it were otherwise as to the injury which he had suffered. But the very point was decided at Sunbury, a few years since, in a case which was never reported, and the names of the parties to which I do not recollects *104 in which it was held, that an action could not b|e maintained before a justice of the peace, to recover a penalty for travelling as a pedlar without a license. It seems to me, thén, the legislature never intended to give jurisdiction to the justices of the peace, of the cause of action for which this suit was brought below, and that the plaintiff is entitled to costs.
Judgment affirmed.