The opinion of the court was delivered by
Duncan, J.
The principle in the foregoing case decides the question in this cause. This was an ac\ion on the official bond of Allan Dunn, the plaintiff in error, and his sureties, taken under the act of 1802; which gives the same remedy by action, in the name of the ( ommonweaiih, for the use of each party aggrieved. In Wolverton et al. v. The Commonwealth, for the use of Hart et al., 7 Serg. & Rawle, 275, it was decided, that this provision excludes all idea of there being but one judgment for the use of all concerned, as the foundation of a separate remedy for each by scire facias, adapted to the peculiar circumstances of the case; and it was so held in Campbell and others v. The Commonwealth, 8 Serg. & Rawle, 417. Besides, that act cuts up by the roots the objection made in Shaeffer v. Jack; for it repeals in terms all former acts of assembly contrary thereto. The action was in the name of the Commonwealth, not stated to be for the use of any person aggrieved by the misconduct of the sheriff; and, after the jury was sworn, an amendment was granted, which was in effect the adding of new parties, — Adams, Knox, and Nixon; — for, if it was not, the addition of these names as parties to the suit, makes it the institution of a suit for their use. The action could not be supported in the name of the Commonwealth alone. This was not an amendment the court had authority to make, under any act of assembly. There is no act introducing a new name to an action by way of amendment, except in certain specified cases of trustees and assignees, by the act of the 24th of March, 1818. Courts cannot give a new and different action, under pretence of amendment; *433 whenever it has been done, so often has it been decided' to be error. Much less can they introduce a new party. The writ, declaration, and action still stand in the name of the Commonwealth, and ¿¡clams, Knox, and Nixon could not come in under such action for their interests. The proceeding is, from first to last, erroneous. It was a prosecution different from that which the law has prescribed; — a remedy different from that which the law has substituted, in the place of one under the act of 1713, which had in experience been found to be inadequate, and which the legislature, therefore, had'laid aside. In this there was clearly error. Any suitor who had any claim against the sheriff for misconduct, as well as Adams, Knox, and Nixon, might have moved for leave to assign breaches; and, as the record then stood, if the verdict was against the Commonwealth,-to whom could the defendants look for costs?
It is not the duty of the court to notice further the errors assigned, as the judgment is reversed for the first, which cuts up this action by the roots, and no venire de novo will issue; but as the certified copy of the bond has been objected to, and as that is an objection which will probably occur in other actions, it has been thought advisable now to give an opinion on that point. This statutory evidence does not exclude the common law proof of the bond. It was introduced to save the troúble and expense, to every suitor, of procuring the bond from the office of the Secretary of the Commonwealth, and therefore the copy of the record was made evidence; but still the bond itself, its execution being established by common law'proof, is binding. The record does not give it validity, but only makes the copy of the record of it evidence. But the bond was received without any proof of its being taken' by the Recorder. It does not purport to have been taken by him. One John Findlay was a subscribing witness to the execution of the bond, as appeared by the.paper, and it was in evidence that one John Findlay was the Recorder; but the registry does not state that it was taken by John Findlay, the Recorder. It would be as much evidence, if it wanted the name of any John Findlay, as a subscribing witness. Not that any one doubts that it was in fact taken by John Findlay, the Recorder; the presumptions are very strong that it must have been so; but non constat by any evidence known to the law, that such was the fact, non constat by the registry. On the plea of non est factum to a bond, all the judges and jurors may know it to be the handwriting of the defendant,— they may be willing to testify their knowledge of .it, — still this is not legal evidence of its execution, there being á subscribing witness not called. The objection to the registry, and consequently to the certificate, is, that this is not officially noticed in the registry. There is no evidence of the execution of the bond, because it was not produced; nor any documentary evidence that this is the bond of the defendants, or taken by the Recorder. The *434 exception is technical and very captious, but I am not able to give an answer to it. It can only occasion trouble and expense to the suitors, who can always obtain the proper proof. • But where a defendant chooses to give this trouble, the court cannot dispense with the rules of evidence. This paper was improperly received in evidence, — it was not evidence on the plea of non est factum,.
Judgment reversed.