The opinion'of the court was delivered by
Huston, J.
This suit was brought before a justice of the peace of Mifflin county, against the defendant, as one of the bail of Thomas Beale, late sheriff of the said county. The decision of the justice was in favour of the plaintiff; a certiorari was taken out by the defendant. This was, by consent, changed into an appeal, and a case stated, with liberty to either party to take a writ of error. The case stated admitted, that.the defendant with others, executed a bond for fifteen thousand dollars, as bail of T. Beale, late sheriff of Mifflin county. That an execution duly issued-from the Court of Common Pleas, of Mifflin county to thé said sheriff, and was put into his hands. That he made a levy thereon, but never sold any of the property of the defendant in the said execution, nor on a venditioni expands issued thereon. That the'plaintiff, however, has received all his money except forty dollars and twenty-five cents, which still remains due and unpaid. .The.only question was, can a suit on a sheriff’s bond for fifteen thousand dollars, be sustained before a justice of the peace, where the demand of the pláintiff is less than one hundred dollars. The court below decided it could not. ' •
The act of the ,28th of March, 1803, 4 Sm. L. 45, directs that the sheriff of each county, before entering on the duties of.his office, shall become bound in a recognisance and an obligation with at least two sufficient sureties, &c., and specifies the amount for each county, and the form of the recognisance and bonds, and the manner of entering and recording them, and section fourth says, all lands, tenements, and hereditaments, which such sheriffs, coroners, and their sureties shall possess, or be entitled to in any county of of this commonwealth, shall be bound by a recognisance taken in the manner aforesaid,' as effectually as a judgment to the same amount in the Court of Common Pleas of all the counties aforesaid, might or could now bind the same; and whenever the commonwealth or any individual shall be aggrieved by the .misconduct of any sheriff or coroner, it shall and. may be lawful, as often as the case may require, to institute actions of debt or scire facias, on such recognisance, or actions of debt, on such obligations, against such sheriff or coroner and their sureties, their heirs, executors, or ad.», *369 ministrators; and, if upon such writs, it shall be proved what damage has been sustained, and a verdict and judgment shall be thereupon given, execution shall issue for so much only as shall be •found by such verdict and judgment, &e., &c. This act evidently contemplates a trial in a court of record, and twice mentions the sum to be found by a verdict, &c.
At the time.the above act passed, the jurisdiction of justices extended to twenty pounds; by several acts since, particularly the act of the 20th of March, 1810, it is extended to one hundred dollars. It provides, that justices of the peace1 shall have jurisdiction “ in all causes of action arising from contract either express or implied, where the sum demanded is not above one hundred dollars, except on real contract where the title to land may come in question, or action on promise of marriage.”
The twenty-seventh section contains a provision as to the forfeitures and penalties inflicted by certain acts. , This act professes; as its title states, to consolidate all the acts relating to justices’jurisdiction, and contains in the thirtieth section, a repeal of many acts particularly specified. In no part of it does it purport to repeal any other acts than those specified.
It must be admitted that the phrase “ all causes of action on contract, express or implied, in all cases where the sum demanded is not above one hundred dollars,” is very comprehensive. But there certainly are many cases which it does not comprehend. Suit does not lie before a justice of the peace for a balance under one hundred dollars, due on a judgment in a Court of Common Pleas. 8 Serg. & Rawle, 343; nor, I apprehend, on a judgment before another justice, except in the particular form prescribed by the act, in case of the death or removal of the justice who gave the first judgment. Nor did it apply to debt for rent, except in a limited degree, until given expressly by a subsequent act of the 22nd of March, 1814.
The act of the 13th of Jlpril, 1791, directs that a judgment creditor, when debt, interest, and costs are paid, shall enter satisfaction; and if he neglects to do so eighty days after demand, imposes a penalty of any sum not exceeding the one half of the amount of judgment to be sued for and demanded by the defendant, or person damnified, in like manner, as other debts are now recoverable in this commonwealth. This court have decided in Zeigler v. Gram, 13 Serg. & Rawle, 102, that a justice has not jurisdiction in sueh case, though the sum demanded be less than one hundred dollars. It is there said, “ in jurisprudence, the word contract is generally used to denote a bargain or agreement; and it is plain that-in these acts of assembly, it was used in that sense by the legislature, who had in view those contracts which arise immediately out of a course of dealing between the parties, and not that sort of contract that arises remotely out of the compact of government.” To this I will add, nor that'kind of debt which arises from *370 breach of duty by an officer of a court of record, and which must have been the ground of an action of trespass vi et armis, or on the case, unless for the provisions of the act first cited respecting sheriffs’ bonds.
It has also been decided, that the justices have not jurisdiction of suits on bail bonds.
Parties and witnesses enter into recognisances before the Court of Quarter Sessions, to appear, &c. These recognisances are often taken in cases of small misdemeanors from defendants and their sureties in sums not exceeding one hundred dollars, and from witnesses almost always in sums less than one hundred dollars. These would then come directly within the words of the act of 1S10: they cannot be sued in a Court of Quarter Sessions where they are taken, because that court has no civil jurisdiction. No person has yet brought suit on one of them before a justice, as I believe; nor could such, in my opinion, be sustained. The act of the 9th of December, 1783, section second, provides, that recognisances forfeited in Courts.of Quarter Sessions, shall and may be sued for, and recoverable in the Court of Common Pleas of that county in which they were forfeited, which court may and are hereby empowered to order the said recognisances to be levied, moderated, or remitted according to equity and their legal discretion. Now, this last power of moderating or remitting, I apprehend, prevents the jurisdiction of justices who have no such power from, attaching in such cases, which would otherwise come .within the express words of the act of 1810.
In Guy v. Wright, 10 Serg. & Rawle, 227, an action was instituted before a justice for one third of a fuller’s'book, according to an article dated the 15th of March, 1821, not exceeding one hundred dollars. Now this was a cause of action arising from a contract express in a case.where the sum demanded did not exceed one hundred dollars: the justice gave judgment for ninety-four dollars; from which an appeal was taken to the Court of Common Pleas, who sustained the appeal, and there in account render, the plaintiff recovered eighty-five dollars: but this court reversed the judgment, because the justice had not jurisdiction. “The complex machinery of an assignment of auditors, and of issues in fact and law which may be taken on the items of account, say the court, is all foreign to the tribunal of justice.”
But, it appears to me the very point is decided in Shaffer v. M'Namee, 13 Serg. & Rawle, 44. That was debt against a sheriff for suffering an escape. To be sure, the action of debt is given in that case by an old statute, but which is in force here; and when brought into the Court of Common Pleas, the plaintiff might have declared on the statute or on the act of assembly: the cause of action being the same on which he claimed before the justice, either remedy was equally open to him before the justice. 10 Serg. & Rawle, 121. Nor was it put on that ground, but on this, that the *371 justice had not jurisdiction from the nature of the subject matter. The court say, “The action is not, as had been supposed, founded on the implied contract of the sheriff, to execute Iiis office with fidelity, but in tort. Trespass for a battery might with the same reason be held to arise, ex contractu, the act being a breach of the original compact to which every member of society is supposed to be á party. The “ causes of action, express or implied,” -which appertain to the jurisdiction of justices of the peace, are those which arise from some agreement or understanding, mediately or immediately between the parties. It is evident, therefore, that it is-not the form of the action, but the nature of the subject matter of it which must decide the question of jurisdiction. Actions of debt often arise (by act of assembly,) ex mala fide,.xa& where there is not the semblance of contract between the parties;” and the decision was, that the justice had no jurisdiction.
I am unable to discover why a justice of the peace shall be excluded from jurisdiction in a case where a sheriff arrests the defendant on a ca. sa., and neglects to put him in prison, and shall have it where he levies on goods and neglects to remove or sell them;.
In every tribunal which hás the power of giving judgment and issuing execution, it is an incident to such power that it should also have the power of compelling the officer to obey that execution, and to decide .as to the application of the money when raised. In this state, and under our practice, a sheriff frequently receives an execution, and levies it on personal property, supposed to be of value more- than sufficient to pay the debt. Before the sale other executions are put into his hands, and levied on the samé property, and expressly often, and if not, from the nature of the proceeding and the law, subjéct to the first levy. This, if first .levy was fair and recent; but if the first levy was not bona .fide, or, if made under a judgment confessed per fraudem, the younger execution creditors may contest the propriety of paying the money to the owners of the first' execution, and this may be done by the court who issued the several executions on a statement of facts agreed on, or on an. issue, if facts are disputed. Can any person seriously believe the legislature ever gave, or intended to give to justices, this power of deciding on the validity of a judgment of a court of record? The first judgment, and which is alleged to be fraudulent, may be above one hundred dollars, or one thousand dollars: can this be decided on by a justice of the peace because the plaintiff before him claims only ten dollars ?
The money claimed from the sheriff may have been produced from the sale of lands. Those lands may appear to be subject to prior judgments partly paid off, to mortgages in the same situation, to specific legacies charged on the said lands, to ground rents, widow’s thirds, &c., &c.; can a justice of the peace, in such cases, or on questions of lien on lands, when he is expressly excluded from *372 jurisdiction l('in all cases of real contract, where the title to lands or tenements-came in question.” By the act of 1814, extending jurisdiction of justices to trespass on real or 'personal property, it is expressly provided,1 that if the defendant shall make oath before the trial of the. action before the justice, that the title to lands will come in question, the justice-shall dismiss the cause. It would be strange if on a claim of a man who had entered on the judgment docket, a transcript of’a justice’s judgment for fifty-cents, and who-would sue one of the sureties in a sheriff’s bond,.all the most intricate .and difficult questions arising from liens legal and equitable on lands, could be brought before the justice.
By our laws, goods or lands of a deeede.nt, may be sold by the sheriff on an execution, and when the money is brought into court, it ought, in case of insolvency' of the estate, to be paid according to a certain gradation of debts in the law ofT794; and it may happen that he who issued the execution,-will not.be entitled to a cent of the money raised on it. -The justice who has before him a suit against a sheriff or his surety, must, however, before he can give judgment, decide whether there are assets, and the mode of paying them. Now this he cannot do, for by the fourth section of this act of 1810, it is provided, that if any executor or administrator after judgment against him before á justice, shall declare that he has not sufficient assets to satisfy the said judgment, it shall be the duty of the justice- forthwith to' transmit the record of his judgment to the Court of Common Pleas to be entered on their docket; and the said court shall adjudge-and decree' theréon, and appoint auditors to ascertain-and apportion the assets according to law. Now, I cannot suppose the legislature intended to give or, gave jurisdiction in case of apportionment of assets indirectly in a suit against a sheriff, when they have expressly taken it from them in a direct suit against executors or administrators.
The bail in a sheriff’s bond may have paid on different suits against them the whole amount of the penalty, and may be still sued for more, and to such suit may plead payment oif the whole penalty of the bond: will it be alleged.that any justice can decide, in such a case on a bond of fifteen or twenty thousand dollars? In whatever-view I can take of the matter, I am brought to the conclusion that'the legislature have not given a justice jurisdiction in a suit on a sheriff’s bond against either him or his sureties; that the construction heretofore put on this, law-is correct; that the nature of the demand, and the mode of investigation, the construction of our courts, and the whole system of our jurisprudence, equally forbid the exercise of- this power by a justice, and that thq judgment of the Court of Common Pleas be affirmed.
Gibson, C. J.
By -the act of 1810,' justices of the peace have •jurisdiction <f of all causes of action arising from contractf express *373 or implied, in all cases where the sum demanded is not above one hundred dollars, except in cases of real contract, where the title to lands or tenements may come in question, or actions on promise of marriage.” It seems to me, the English language does not afford more comprehensive terms, or words better calculated to exclude all ambiguity of intention. The legislature has not only laid down a precise rule, but specified the exceptions; and after this it ought to require a strong case indeed, to induce a court to transcend its directions. There may, I admit, be cases which will justify a construction against the letter; as where the very end and purpose of the statute would be frustrated by an adherence to it, or where some shocking injustice would be done, which it may be presumed the legislature never intended. Nothing of this kind is alleged here. A justice of the peace is potentially as competent to determine an action of this sort as the judges of the Court of Common Pleas; and, if there be in fact any natural unfitness in the way, a party suffering wrong from it, has his remedy by appeal. It is convenient, no doubt, to have the matter determined in the court where the records of the transactions to be investigated, are to be found; but surely mere convenience is not a reason for dispensing with the provisions of a statute. The records or transcripts of them, may be brought before the justice with as much convenience as before the Circuit Court, where a cause of this kind, when of sufficient magnitude, may be tried; yet the inconvenience would not be sufficient to exempt the cause from removal to that court. Nor do I perceive how the authority of the Court of Common Pleas to distribute money brought into court, can qualify that court in an especial manner, to decide questions of official delinquency by its officers, which, for the most part, depends on very different considerations.
Here the defendant’s responsibility in the action, arises out of his bond; and this distinguishes the case from Zeigler v. Gram, in which the action was for a penalty imposed by a statute. Nor can it be material that there was originally no privity of contract between the defendant and the plaintiff, who has since become beneficially interested. An action on a bond for the use of another, is indisputably founded in contract; and it is not the less so, because the penalty is a security for damages arising from a tort: It seems to me then, the cause of action here, is brought too decisively within the boundaries of the jurisdiction of a justice of the peace,(to admit of its being excepted by any but legislative authority., I am' therefore of opinion, that the judgment be reversed.
Tod, J., concurred with Gibson, C. J.
Judgment affirmed.