# Evans *against* Frey.

The jurisdiction of a justice, to proceed by *scire facias* against the bail of a delinquent constable, under the nineteenth section of the act of the 20th of March 1810, is not taken away by the third section of the act of the 29th of March 1824.

Nor is it necessary that the constable should be joined with the sureties in such *scire facias.*

ERROR to the common pleas of *Alleghany* county.

The following is the substance of the case as stated for the decision of the court below.

William M'Donald was constable of Ohio township for the year 1830.   On the 19th of April of that year he gave bond, with the defendants in error as his sureties, to the commonwealth, in conformity with the twenty-ninth section of the act of the 20th of March 1810 and its supplements, conditioned for the just and faithful discharge of his office.   On the 11th of August 1830, an execution

[Evans v. Frey.]

was put in his hands by an alderman, in the name of George Evans against Robert Herdman, who resided in St Clair township. M'Donald failed to perform his duty on this execution, although he offered to serve and accepted it. After the death of George Evans, his executors issued a *scire facias* against M'Donald before the alderman, in pursuance of the twelfth section of the act of the 20th of March 1810, for his neglect, and a judgment was rendered against him for 12 dollars and 41 cents, and costs, on the 16th of November 1830. On the 7th of December 1830 an execution was issued against him on this judgment, in consequence of which he applied for the benefit of the insolvent laws.

The present action of *scire facias* was commenced on the 11th of January 1831, against the defendants in error, as the bail of M'Donald, and on the 20th of July 1831 judgment before the alderman was rendered against them for 12 dollars and 92 cents, and costs, from which they appealed to the common pleas, and there pleaded: 1st. In abatement, that M'Donald, one of the obligors in the bond, was not sued. 2d. *Non est factum.* 3d. Payment. On demurrer to the plea in abatement, the court below decided in favour of the defendants.

The following errors were assigned.

1. The court erred in deciding that the constable ought to have been joined with the sureties in the action, as was decided by them on the authority of Armstrong's Administrators *v.* Bougher's sureties, a case in the common pleas of Alleghany county, No. 50, of August term 1811.

2. The court erred in deciding that the remedy prescribed by the act of the 29th of March 1824, section third, was exclusive of the remedy prescribed by the twelfth and nineteenth sections of the act of the 20th of March 1810.

*Bradford*, with whom was *Colwell*, for the plaintiffs in error, cited Palmer *v.* Commonwealth, 6 *Serg. & Rawle* 245, decided in 1820, and referred to sections twelfth and nineteenth of the act of the 20th of March 1810, *Purd.* 499, 500, 502; section third of the act of the 2d of March 1824, *Purd.* 510; and section twenty-ninth of the act of March 1810, *Purd.* 155; and contended that the remedies prescribed by the act of 1824 and the act of the 20th of March 1810 were concurrent.

*Burke*, with whom was *Metcalf*, for defendants in error.

The decision in Palmer *v.* Commonwealth was prior to the passage of the act of 1824, the third section of which was intended to supply the provision in the act of 1810. The act of 1713, *Purd.* 669, 670, points out the mode of proceeding on other official bonds, which should have been pursued in the present case. See also section fourth of the act of 1803, *Purd.* 832, in relation to sheriff's bonds. The justice, in the first instance, had no jurisdiction by *scire facias.*

III.——BB

[Evans v. Frey.]

It was incumbent on the plaintiffs first to obtain judgment on the bond in a court of competent jurisdiction.

The opinion of the Court was delivered by

SERGEANT, J.—The first error assigned is, in the opinion of the court below that the constable ought to have been joined with the sureties in the action.

The legislature has established a tribunal for the recovery of sums under 100 dollars, the proceedings of which are in many respects different from the ordinary proceedings of courts, and the extent of its jurisdiction must depend on the language and meaning of the act of assembly. Regulations respecting constables form a material part of the provisions of these acts; especially those that are designed to enforce their faithful discharge of duty in the prompt payment of moneys coming into their hands on executions. For this purpose summary redress is given by the twelfth section of the act of the 20th of March 1810. In the nineteenth section the mode of proceeding against the constable's bail is specified, and in certain cases the justice is directed " to issue a *scire facias* and proceed against the bail for the recovery of judgments had before him against the constable," in the manner that constables are suable, saving the right of appeal. The enumerated cases are, where judgment is rendered against a constable for neglect or refusal to perform his duty, and he becomes insolvent, abandons his country, or for any other reasons it becomes impracticable for such judgment to be recovered from him; or where after default he abandons his country before judgment had. Now if we refer to the words of the act, the proceeding by *scire facias* is directed to be against the bail. If we consult its spirit, what reason is there why the constable should be joined in the *scire facias?* After the plaintiff has pursued him to insolvency or abandonment of his country, or arrived at a state of utter impracticability to collect the debt, a further pursuit would be unavailing to the plaintiff, and of no benefit to the bail. The necessity of uniting all the obligors in a suit on a joint and several bond, where more than one are sued, is founded on a rule of law which has in view the primary liability of the principal, and after that the equal distribution of a common burthen. But where it is already plain by judicial proceeding, that the constable is inaccessible or insolvent, the joinder of him would be a fruitless ceremony. Indeed in one case put by the act, that of abandonment of his country, the *scire facias* could not be served on the constable. No injustice is done to the bail by the omission. The constable must have abandoned his country, and so no proceeding against him can be had, or every means of collecting the money from him has been already exhausted, and it is not until the last and desperate state of his affairs, that the bail is to be called upon.

I am therefore of opinion that it is not necessary that the constable should be joined in the *scire facias*.

The second error assigned is in the opinion of the court below

[Evans v. Frey.]

that the proceeding against the sureties of the constable before the justice was unauthorized by law.

In the case of Palmer *v.* The Commonwealth, 6 *Serg. & Rawle* 245, and Campbell *v.* The Commonwealth, 8 *Serg. & Rawle* 414, it was contended that the sureties in a bond given by a constable for the execution of his office were suable before a justice of the peace, and not in the common pleas; but this court decided that this jurisdiction was concurrent. There is no reason why a general jurisdiction should not be conferred on the courts, at the same time that in particular cases a portion of that jurisdiction is also entrusted to a magistrate. The act of the 20th of March 1810 vested both jurisdictions, and must have intended both should take effect. If the sum demanded exceeded 100 dollars, it was beyond the ordinary jurisdiction of the magistrate, and was peculiarly proper for the court. If under 100 dollars it was the reverse.

In the present case the suit was brought before a justice, and it is now contended that he had not that jurisdiction. The argument is grounded on the provisions of the third section of the act passed the 29th of March 1824, *Purd. Dig.* 510, which was subsequent to the decisions above referred to. This section re-enacts the twenty-ninth section of the 100 dollar act, concerning constables' bonds, with alterations in the amount of the penalty and the number of sureties, and some change of language in other respects not affecting the substance. Then comes this provision, which is not in the act of the 20th of March 1810, and in which the question arises: "and such obligations may be proceeded in as other official bonds are by law directed." It is contended by the defendants that the effect of this provision is that all proceedings on constables' bonds must be in court, because there, only, proceedings on official bonds of a similar nature are to be had by virtue of the fifteenth section of the act of the 27th of March 1713, *Purd. Dig.* 670. This provision, however, is not peremptory, but permissive. The party grieved is at liberty to proceed in court, but he is not obliged to do so. A clause of this kind cannot be fairly construed as a repeal of the nineteenth section of the 100 dollar act. On the contrary it would seem to have been inserted to remove the doubts that had recently arisen, whether the courts had concurrent jurisdiction, and also to restore, in suits on constables' bonds in court, the ordinary mode of proceeding on official bonds by obtaining a cautionary judgment, instead of separate actions to obtain separate damages, which had been held, by analogy to suits on sheriff's bonds, to be the proper mode of proceeding. One consequence of this, and a hard one, was, that in suits in the common pleas, where the demand was under 100 dollars, the plaintiff lost his costs: whereas now one judgment only is obtained; and the vexation of multiplying actions against the sureties, and of the costs attending them, is avoided. By the act of 1824, the proceeding in court on constables' bonds is simplified and facilitated, leaving in full force the nineteenth section of the act of 1810, which places in the hands of the magistrate the

salutary power of proceeding in the cases enumerated by *scire facias* against the sureties of a delinquent constable, where judgment has been previously obtained before such justice against the constable.

Judgment reversed, and judgment for plaintiff.