# Blue *against* The Commonwealth.

A justice of the peace has not jurisdiction of an action upon a bond given by a constable, conditioned for the faithful performance of the duties of his office.

A constable is liable for an escape without proof of negligence or misconduct on his part.

ERROR to the common pleas of *Schuylkill* county.

On the 19th of March 1831, George Reber, Esq., a justice of the peace for the county of Schuylkill, rendered judgment in an action of debt, wherein Michael Quinn was plaintiff, and Rudolph Miller defendant; for the sum of 62 dollars 17 cents in favour of plaintiff. Upon this judgment an execution was issued on the 19th of March 1831, and delivered to William Hacket, constable, by virtue of which the said constable arrested the defendant, and from whose custody the said defendant afterwards escaped. This action was brought to recover the amount of debt, interest and costs of the said judgment of Quinn v. Miller.

Two questions arose in the court below:

1. Whether the constable is liable for an escape, unless negligence or misconduct be proved.

2. Whether the justice of the peace, before whom this action was brought upon the official bond of the constable, had jurisdiction of the action.

The court below, (Blythe, president) ruled both points in favour of the plaintiff, to which opinions exceptions were taken.

*Bannan*, for plaintiff in error, declined to insist upon the first exception; but contended that the justice had not jurisdiction, and

[Blue v. The Commonwealth.]

cited, Act of 1810, *Purd. Dig.* 154, *sect.* 29 ; *Ibid.* 502, *sect.* 19 ; 2 *Rawle* 147 ; Shuman *v.* Pfoutz, 1 *Penns. Rep.* 61 ; Commonwealth *v.* Reynolds, 17 *Serg. & Rawle* 367 ; Campbell *v.* The Commonwealth, 8 *Serg. & Rawle* 414 ; Palmer *v.* The Commonwealth, 6 *Serg. & Rawle* 245.

*Parry*, for the defendant in error, relied upon a different conclusion from the cases cited by the plaintiff's counsel.

The opinion of the Court was delivered by

SERGEANT, J.—In the cases of Palmer *v.* The Commonwealth, 6 *Serg. & Rawle* 245, and Campbell *v.* The Commonwealth, 8 *Serg. & Rawle* 414, will be found a view of the law on the subject of suits on the official bonds of constables under the provisions of the act of the 20th of March 1810. It was there held, that the court of common pleas had jurisdiction of such suits, though the plaintiff's demand was under 100 dollars ; and it was said that a justice of the peace had concurrent jurisdiction in like cases. This construction was made under the 29th sect. of the act of the 20th of March 1810, which provided that constable's bonds should be " for the like purposes and uses as sheriff's bonds are usually given :" and the act of the 28th of March 1803, sect. 4, had enacted that suits might be brought on a sheriff's bond or recognizance, as often as the case might require, and verdict, judgment and execution should be had for the damage sustained, and the like proceeding should be had as often as damage should be sustained. Though it is plainly laid down in the cases before cited that a justice had jurisdiction, and that when the suit was in the common pleas for a demand under 100 dollars, the plaintiff lost his costs ; yet it must be confessed, the decision in Commonwealth *v.* Reynolds, 17 *Serg. & Rawle* 367, is inconsistent with that opinion : for it was there held, that a justice had not jurisdiction in a suit on a sheriff's bond in 15,000 dollars, though the plaintiff's claim was under 100 dollars. The mode of proceeding on sheriff's bonds, from time to time, to recover the damages sustained, was an anomaly in our code, until the recent act relative to the bonds of executors, administrators and guardians, passed the 15th of March 1832. It is believed there was no other instance of an official bond to the commonwealth in which such proceedings were authorized. The act of 1713, sect. 14, *Purd. Dig.* 669, directs that all such bonds or obligations as are by this act, or by any other law of this province, directed and required to be given to the register-general, and all such bonds as by any law are directed to be given by the register-general, or by any other officer or persons in office whatsoever, in this province, for the due execution of his or their respective offices or employments, are hereby declared to be to and for the use of, and in trust for the person or persons concerned ; and the benefit thereof shall be extended, from time to time, for the relief and advantage of the party aggrieved by the misfeasance or nonfeasance of the officers

[Blue v. The Commonwealth.]

that did or shall give the same. And by sect. 15, when any of the said bonds shall be put in suit, and judgment thereupon obtained, the judgment shall remain in the same nature the bonds were, and that no execution issue out thereupon before the party grieved shall, by writ of *scire facias*, summon the person or persons against whom the said judgment is obtained, to appear and show cause why execution shall not issue upon the said judgment : and if the party grieved shall prove what damages he sustained, and thereupon a verdict be found for him, the court of common pleas, where such suit is, shall award execution for so much as the jury shall then find with costs, and no more : and the former judgment is hereby declared still to remain cautionary for the satisfaction of such others as shall legally prove themselves damnified, and recover their damages in manner aforesaid. This is the act under which official bonds generally, such as those of registers, recorders, prothonotaries, auctioneers, administrators and other officers, were given and proceeded on. In relation to constables, however, an important alteration of the act of 1810 has been made by the act of the 29th of March 1824, *Purd. Dig.* 509, which restored the ancient mode of proceeding. For the third section of that act requires the obligation to be in a sum not less than 500 dollars nor exceeding 3000 dollars : it declares it shall be held in trust for the use and benefit of all persons who may sustain any injury from him in his official capacity, and for the true and faithful execution of all process placed in his hands, to all intents and purposes as sheriff's bonds are usually given ; *and such obligations may be proceeded in as other official bonds are by law directed.* Here is an express direction as to the mode of proceeding on these bonds, which is to be in conformity with analogous cases : and when it is considered that the act fixed the penalty at a sum beyond the justice's jurisdiction ; that it removed the inconvenience of the plaintiff's losing his costs, which formerly existed when he sued in the common pleas ; and that it conformed to the rule settled by this court in Commonwealth *v.* Reynolds, 17 *Serg. & Rawle* 367, that a justice had no jurisdiction of a suit on a sheriff's bond, it would seem to have been the intent of the legislature to remove existing doubts, and to give jurisdiction only to the courts, to be exercised by a cautionary judgment, as in other official bonds generally. For these reasons, we think, a justice has, since the act of 1824, no jurisdiction in an ordinary suit on the constable's bond ; although the powers given to him by the 19th section of the act of 1810, where the constable becomes insolvent, &c. remain, as was decided last autumn by this court, at Pittsburgh.

Judgment reversed.