## COMMONWEALTH TO THE USE OF POLK v. SAYRES ET AL.

### April 23, 1836.

*Rule to show cause why a new trial should not be granted.*

The verdict in a suit on a constable's bond taken under the act of the 29th of March 1824, must be for the penalty upon which a cautionary judgment will be entered. The plaintiff must then proceed to have his damages assessed, and obtain execution by *scire facias* under the act of the 27th of March 1713.

In suits on constable's bonds, taken under the act of the 15th of April 1834, the judgment must be, not for the penalty, but for the damages actually sustained.

THIS cause was tried before STROUD, J.

It was an action of debt against a constable (Sayres) and his sureties, on his official obligation, dated the 27th of March 1834, and given under the act of assembly of the 29th of March 1824. *Purd. Dig.* 510, *edit. of* 1830. The ground of the suit was an alleged injury to Solomon A. Polk, by the constable's levying upon and selling the goods of James Rolph, which had been pledged to Polk and were then in his possession, after full notice of the claim of Polk, and without tendering him the amount of his lien, under an execution issued by an alderman of the city of Philadelphia, at the suit of Charles J. Wolbert *v.* James Rolph. At the trial before Judge STROUD, it was made a question whether, supposing the plaintiff, Polk, to have merits, the verdict should be for the amount of the penalty of the bond (1000 dollars), or should be for the amount of damages actually proved. The judge instructed the jury that if Polk had sustained the injury complained of, their verdict should be for the amount of the penalty of the obligation, upon which a cautionary judgment would be entered, leaving said Polk to obtain execution under the act of assembly of the 27th of March 1713, *Purd. Dig.* 670, when the amount of damages would have been ascertained upon a writ of *scire facias.* A verdict for 1000 dollars was rendered accordingly. The defendant moved for a new trial. In support of the rule, the counsel for the defendants mainly relied upon the position that there was error in the part of the charge above specified.

*Hirst,* for plaintiff.

[Commonwealth v. Sayres.]

*Perkins,* for defendant.

The opinion of the Court was delivered by

PETTIT, *President.*—In the case of Campbell *v.* The Commonwealth, 8 *Serg. & Rawle* 414, it was decided in the year 1822 that in a suit on a constable's bond, taken under the act of the 20th of March 1810, the judgment should be, not for the penalty, but for the damages actually sustained. The question there was, whether, when the act declared the obligation to be "for the like purposes and uses as sheriff's bonds are usually given," the legislature did not intend to designate the *remedy* as well as the *right.* The court thought that the remedy was contemplated, and held the parties to a course of proceeding like that to be adopted in a suit upon a sheriff's bond under the act of 1803.

The act of 1824, however, which controls the case before us, superadds to the words used in the act of 1810, as above quoted, the following clause: "and such obligations may be proceeded in as other official bonds are by law directed." It is argued that there is nothing in this departure from the phraseology of the first of these laws which requires a different construction of the second. But it is clear that the court are not at liberty to reject these words as mere surplusage, when they are plainly susceptible of a very significant interpretation. Nor can the term *other official bonds* be limited to *sheriff's bonds,* as that would be to deny to the act any more effect than if the clause had not been inserted, the previous reference to sheriff's bonds having been found sufficient to mark out the course to be pursued. However reluctant then we might be to recognise as within the jurisdiction of this court a class of controversies relative to sums not exceeding 100 dollars, growing out of breaches of constables' official bonds, the act of 1824 is explicit, that parties aggrieved *may* proceed upon such bonds as upon official bonds in general; that is, under the act of 1713. Whether the language of the act of 1824 is *imperative,* or only *permissive,* is a point which need not be now decided. The plaintiff having, however, a right to resort to the act of 1713, the verdict was correctly taken.

It is worthy of remark, that constables' bonds are now given (except where special provision for any city, borough, district or township is otherwise made), under the 112th section of the act entitled "an act relating to counties and townships, and county and township officers," passed on the 15th of April 1834 (*Pamphlet Laws*

557); and that as that section pursues the language of the act of 1810, it would of course require the verdict, in suits on obligations executed since its date, to be rendered according to the decision in Campbell *v.* The Commonwealth.

As to the other reasons filed in support of this rule, it may be proper to state, that though not strongly pressed, they have been carefully considered; they, however, present no ground for disturbing the verdict.

Rule discharged.(*a*)

(*a*)  See Evans *v.* Frey, 3 *Watts* 208, published after this decision was made.