## Ellsworth *against* Barstow.

A justice of the peace has not jurisdiction of an action arising on a judgment of a justice of the peace of another state.

ERROR to the common pleas of *Bradford* county.

Christopher Warner for the use of C. R. Barstow against Oliver Ellsworth. This was an action of *assumpsit* brought before a justice of the peace, and was founded upon a judgment obtained before a justice of the peace in the state of New York.

The cause was argued on a demurrer to the plaintiff's declaration. The question was as to the jurisdiction of the justice. The court below awarded a *respondeat ouster :* and the defendant declining to plead, a judgment *secundum regulum* was rendered against him.

*Ellwell* and *Williston*, for plaintiff in error, contended, that the justice had not jurisdiction : the cause of action was not a " contract express or implied" of which a justice may take cognizance. 13 *Serg. & Rawle* 44, 102; 17 *Serg. & Rawle* 369; 8 *Serg. & Rawle* 343; 2 *Penns. Rep.* 295; 3 *Penns. Bl.* 34. The original cause of action cannot be inquired into. 3 *Wend.* 367; 6 *Am. Comm. Law* 318.

*Overton,* for defendant in error, contended, that an action of debt would lie upon the judgment of which a justice had jurisdiction. 10 *Serg. & Rawle* 240; 6 *Am. Comm. Law* 317; 9 *Serg. & Rawle* 252.

The opinion of the Court was delivered by

SERGEANT, J.—The question in this case is, whether a justice of the peace in this state has jurisdiction in a suit brought on a judgment recovered before a justice of the peace of the state of New York. The legislature, in conferring jurisdiction on magistrates over subjects of this description, have restricted them to suits upon a contract express or implied : and by the course of decisions on this point it is held that these words embrace causes of action arising immediately out of a course of dealing between the parties, and not that sort of contract which arises remotely from the compact of government. Ziegler *v.* Gram, 13 *Serg. & Rawle* 102 ; Shaffer *v.* M'Namee, 13 *Serg. & Rawle* 44. No suit therefore lies before a justice for a penalty given by act of assembly. Commonwealth *v.* Reynolds, 17 *Serg. & Rawle* 369. Various other cases have been excepted from their jurisdiction by the language and meaning of this clause in the act of 20th of March 1810. A debt due on a judgment cannot be

[Ellsworth v. Barstow.]

said, in legal phraseology, to be a debt arising on a contract ; it is a sum of money due by the decree of a court or magistrate, and usually *judicium redditur in invitum.*   Dr Leyfield's Case, 10 *Rep.* 94.   Hence it has been held that a suit does not lie before a justice of the peace for a balance under 100 dollars, due on a judgment in the court of common pleas; Eason *v.* Smith, 8 *Serg. & Rawle* 343 ; nor, as is said by Mr Justice Huston in the same case, does it lie on a judgment before another justice in this state, except in the particular form prescribed by the act of assembly in case of the death or removal of the justice who gave the first judgment.   In this respect there seems to be no difference between a judgment in this state and a sister state : for a judgment in the court of a sister state, where it has jurisdiction, is as binding and conclusive on the parties under the first section of the fourth article of the constitution of the United States, as a judgment in the same state, and *assumpsit* would not lie upon it.   19 *Johns. Rep.* 162.   A judgment before a justice of the peace in another state would come within the same rule ; for it is not a foreign judgment, but is entitled, under the same clause, to have full faith and credit extended to it in another state, provided it be proved that the subject matter was within his jurisdiction and the proceedings were in all respects conformable to the statutes produced.   3 *Wend.* 367. The mode of authenticating records, which is prescribed by the act of congress, has been held not to be exclusive of other evidence ; therefore the record of judicial proceedings not certified according to the acts of congress may still be received in evidence.   Baker *v.* Field, 2 *Yeates* 532 ; Kean *v.* Rice, 12 *Serg. & Rawle* 203.   For these reasons we are of opinion that the magistrate had no jurisdiction of the cause of action in the present case, and that the court below erred in rendering judgment on the demurrer for the plaintiff.

Judgment reversed, and judgment on the demurrer for the defendant below..