*ALBANY*
*October, 1829.*

Harmon
v.
Durham.

---

HARMON vs. DURHAM, administrator, &c.

DEMURRER to rejoinder. The declaration is for goods, wares and merchandize sold the intestate in his life time. It also contains the common money counts. The defendant interposes several pleas ; amongst others a plea of *plene administravit præter,* $50, and setting forth a balance of $600 due and owing on a contract entered into by the intestate in his life time, *under seal,* with Wilhelm Willinck and others, to pay and satisfy which the goods, &c. in the hands of the defendant unadministered are insufficient, &c. The plaintiff replies that *puis darrein continuance,* viz. on the 12th May,

*An adminis-trator cannot retain money remaining in his hands un-administered, to apply on a contract made for the sale of land to the in-testate, where the contract has been an-nulled and cancelled by the vendors.*

He cannot thus benefit the *heirs* seeking an enforcement of the contract, at the expense of the *creditors* of the intestate.

ALBANY,
October, 1829.

Harmon
v.
Durham.

1827, the contract set forth in the plea was cancelled and annulled by Willinck and his associates, wherefore he prays judgment, &c. The defendant *rejoins* that the contract set forth in the plea contains a covenant on the part of Willinck and his associates to convey to the intestate, or to his heirs and assigns, a lot of land containing 81 acres, on payment of the price stipulated for the land; that the intestate, at the date of the contract, paid on account of the same $55, and went into possession of the land with the consent of the vendors; that the intestate died in possession, leaving children his heirs at law, who insist upon having the contract performed, and that the personal estate of the intestate shall be applied towards payment of the price of the land; that if the contract has been cancelled by the vendors, it hath been done without the consent of the defendant and of the heirs; and that he, the defendant, as such administrator, is now in possession of the land, &c. and this, &c. wherefore, &c. The plaintiff demurs, and the defendant joins in demurrer.

. *G. W. Lay, & P. L. Tracy*, for plaintiff.

*D. H. Chandler*, for defendant.

*By the Court*, MARCY, J. Two objections are urged against the rejoinder: 1. That it is a departure from the plea; 2. That the matter set up by it is no answer to the replication.

The rules in relation to a departure in pleading do not, I apprehend, strictly apply to this case. The replication sets up matter happening since the plea, in avoidance of it. The object of the rejoinder is to answer this new matter; and as it has happened since the plea pleaded, it is not reasonable to require the rejoinder in such a case to pursue and fortify the plea as strictly as it must do in the ordinary course of pleading. The objection to the rejoinder as a departure from the plea is not well founded.

The covenants being cancelled and annulled by Willinck and others, no action against the defendant can ever be sustained on them. He does not therefore owe a debt by *specialty* to them. By what authority then can he retain against the claim of the plaintiff?

The principal of law which makes it the duty of an ad- <span>ALBANY,</span> ministrator to pay what is due on a contract for land out of <span>October, 1829.</span> the personal estate for the benefit of the heirs, settles nothing <span>Utica Ins. Co.</span> as to this case.   When the administrator has nothing that he <span>v.</span> can by law retain, the obligation to pay, on such a contract, <span>Kip.</span> no more exists than it would if no assets had ever come to his hands.   The heirs of the intestate, and not the adminis- trator, had an interest in the contract annulled, and it is for them to object to the act of the vendors in annulling it.   They doubtless can, if the contract has not become forfeited, com- pel a specific performance in a court of equity ; but it can never be the duty or the right of the administrator, after the covenants are annulled, to retain against the claims of cred- itors the assets, and apply them to set up a contract for the benefit of the heirs.   The question would present itself in an entirely different aspect, if, after the payment of the debts of the intestate, there was enough left of the personal effects to discharge what was due on the contract at the time of its cancelment by the vendors.

Judgment for plaintiff on demurrer, with leave to defend- ant to amend.