Curia, per Bütlbb, J.
The circuit judge who tried this case, nonsuited the plaintiffs, and rests his judgment for doing so, mainly, though, as it would seem, not entirely, on the following ground: — ■ “ That a judgment of an inferior court, not of record, in another state, could not be the foundation of an action here, and recovered on as such, independent of the original cause of action.” In this position, we do not agree with the judge. Whilst we cannot give such a judgment the dignity and importance of a judgment of a court of general jurisdiction of another state, we are willing to place it on the footing of a foreign judgment. The inquiry then occurs, how are foreign judgments regarded in our courts ? English decisions, from which we have taken our’s, will give a satisfactory explanation. The doctrine on this subject was not finally settled in England till the decision of the case of Walker v. Witter, 1 Doug. 5. In this case, all the authorities are collected and commented on, in the argument of counsel, and the opinions of the judges. The action was debt on a judgment recovered in the Supreme Court of Jamaica, and was admitted to be a foreign judgment of a court of record. The decision was, that an action of debt will lie on such judgment, and that the plaintiff need not show the ground of the judgment. The remarks of Lord Mansfield, are illustrative of the question before us. He said: “ The difficulty in the case had arisen from not fixing accurately what a *18 court of record is, in the eye of the law.' That description is confined, properly, to certain courts in England,' and their judgments cannot be controverted. Foreign courts, and courts in England, not of record, have not that privilege, nor the courts in Wales, &c.; but the doctrine in the case of Sincler v. Frazier was unquestionable. Foreign judgments are a ground of action every where, but they are examinable.” It had been contended in the cases quoted, as well as in the case then under consideration, that a plaintiff must resort to the original cause of action, on which the foreign judgment had been recovered, but the court pronounced its judgment against the proposition — holding, that the judgment was the prima facie cause of action, and to be good, unless it were successfully impugned by the defendant, throwing the onus of proof on him. The judgment, on which the action under consideration was brought, did not emanate from a court of record in another state, and therefore not embraced within the constitution and laws of the United States, declaring the effect, and prescribing the mode of proof, in one state, of judgments in another. Such judgments are awarded by courts of general jurisdiction, and are conclusive between the parties to them : this is a judgment of a justice of the peace, having only a limited jurisdiction, and is entirely subject to the laws of each state; or, in the absence of any particular legislative act, to the adjudications of the courts founded on the principles of the common law, and the decisions of other states. The matters and things embraced in this judgment, were so far res judicata as to be obligatory on the parties in North-Carolina, as long as it remained unreversed, and was acquiesced in. The justice who gave it, acting under derivative authority from the law, was the authorised agent of the parties to settle their dispute. Parts had been reduced, to a whole, having such certainty and enforcible validity as to authorise the sale of the defendant’s property under an execution, the original cause of action was merged in the judgment, so far as to deprive it of many of the incidents which had belonged to it; and, although it cannot be chai’acterized as a judgment, properly speaking, with all its attributes, it nevertheless gives the plaintiff the advantage in a contest on it, so as to force the defendant to the *19 necessity of destroying it, before he can be relieved from its obligations. It requires more proof to establish it, but in other respects, is very much like a justice’s judgment in our own state. Although the question involved has never been decided authoritatively in this state, I am authorised, by Chancellor Johnson — 4he oldest judge in the state, and whose opinion is entitled to respect, for his acknowledged judgment and great experience — to say, that he has always acted on the law as now ruled by the court. Besides, we are not without adjudications, on the same point, in other states; and we should endeavour to make the decisions of the states as uniform as practicable. In the case of Warren v. Flagg, 2 Pick., 448, an action of debt was brought on an authenticated proceeding, denominated a judgment, had and recovered in Connecticut, before a justice of the peace having limited jurisdiction only: nil debet pleaded, which was demurred to, on the ground that it was such a proceeding as was contemplated by the Constitution of the United States, and the Acts of Congress, made in pursuance thereof. It was held by the Court, in Massachusetts, that the plea was good — and judgment for defendant — which was in effect saying that the paper sued on was no record, or not such an one as to be conclusive between the parties, as it would have been, had it been awarded by a court of record, and certified, according to the act of Congress. But the court explicitly said, that it was a prima facie cause of action, to which the act of Congress has no application, but which, as the judge says, “ has wisely left the records of magistrates, who may be vested with limited judicial authority, varying in its objects and extent in every state, to be governed by the laws of the state into which they may be introduced, for the purpose of being carried into effect. Being left unprovided for by the constitution or laws of the United States, they stand upon no better footing than foreign judgments; being not more than prima fade evidence of debt, and liable tobe defeated in their operation, under the plea of nil débet, as other foreign judgments are.”
The decision in New-York goes much further, in which it is laid down, 3 Wend., 367, that a judgment recovered before a justice of the peace might be entitled to have full faith and credit *20 extended to it in another state, provided it should be proved that the subject matter was within his jurisdiction, and the proceedings conformable, in all respects, to .the statute produced. We do not, in our judgment, go so far: we regard such judgments as prima facie evidences of debt, to be proved by common law rules of evidence, and subject to be defeated by the defendant, either by proof on his part, or the absence of proof on the part of the plaintiff.
Robbins and M’lver for appellants.
This suggests another view of the case before us, and according to which, the decision below may stand. • The presiding judge says, that the only evidence of the North-Carolina justice’s authority, was general reputation. This, certainly, was not competent ; as it was not the highest evidence which the plaintiff could have produced, nor the safest for the court to act on. To require no higher evidence, might lead to mischievous consequences, which will be obviated by adhering to the rules of evidence. It was in the power of the plaintiff to have procured a transcript of the act appointing the justice, and conferring on him his authority. Our courts have said that the printed laws of another state, published under the authority of the legislature of the state, may be given in evidence. I have a great aversion, however, to go beyond the point, and to prescribe, prospectively, any rules for the decision of cases — and therefore lay down no rule.
Upon the whole, our judgment is, that the circuit decision must be overruled on the first point discussed, and may be sustained on the last. We think it probable, however, that the attention of the judge may not have been sufficiently attracted to this point; and as other evidence may have been procured, or can again be procured, to obviate all objections, the nonsuit is set aside, and a new trial granted.
Gaunt, Richardson, Evans, Earle and O’Neall, Justices, concurred.