Wood, J.
The first assignment embraces the whole ground of inquiry. The second is a mere corollary. Under the first assignment two questions naturally arise : 1. Is the transcript of the Michigan justice properly certified? 2. Is it prima facie evidence of debt?
As to the mode of authentication of the records and judicial proceedings of other states, they are provided for by an act of Congress, passed A. D. 1790; but it has been decided in our own court that neither the act of Congress, nor*the provisions of the constitution of the United States, as to authentication, extend to any other than courts of records. In 5 Ohio, 545, it is said by this court that other evidence of the official character of the person who certifies the transcript of the justice than his own certificate, has invariably been required — usually the certificate of the clerk of the county, with the seal of the court; and it is held in that case, that, although justice’s courts in Pennsylvania are not of irecord, and are consequently not within the act of Congress, that they are within the provisions of the constitution of the United States, as judicial proceedings, and admissible in proof, when duly certified by the justice, with the additional certificate *of the clerk of the county. The transcript would appear, in the ease at bar, to bo fully within the principle decided in 5 Ohio, 545, provided a justice’s eourt in Michigan is not a court of record. In some of the states they are, and in others not, and no presumption can be legitimately raised that they are either the one or the other. This court is not bound to take notice, ex officio, of the laws of other states, and it is no enviable task to keep paco with the Solons of our own. When a question depends on the laws of a sister state, in our courts, such laws are a part of the e ridence in *189 the case, and, like another fact, must be proved by him who holds the affirmative.
When the plaintiff below offered this evidence, it was a fact incumbent on him to show that the court of a justice of the peace in Michigan was not a court of record, and that the papers offered were duly certified within the adjudication referred to in 5 Ohio, 545. As no such evidence was given, the transcript was improperly received.
Was the transcript prima facie evidence of debt? On this question there have been numerous adjudications, by no means always consistent with each other. At Westminster foreign judgments, where there has been personal service or notice, are held to be prima facie evidence merely of indebtedness, and the defendant is let in to contest their justice and propriety. 3 Sim. 545. The same rule prevails in the United States. Story’s Conflict of Laws, 508; 3 Cow. 520; 5 Wend. 148; 6 Ib. 447.
Foreign judgments, in rem, in regard to personal property, are held to be conclusive in eases where the court have jurisdiction, so far that the same question can not be again litigated. 7 Cranch, 433; 4 Ib. 141, 434; 7 Wheat. 471.
Judgments in the courts of our sister states, under the constitution of our federal government, are not, however considered foreign judgments, but as having the same credit, validity, and effect in any other state they have in the state where rendered. Spencer v. Brockway, 1 Ohio, 259; 13 Peters, 312. And where the defendant is shown by the ^record to have had full notice, in an action upon the record in another state, nil debet is a. bad plea, for the record imports absolute verity. Whether proceedings are in personam or in rem, if there was jurisdiction over the person in one case, or over the thing in the other, and such jurisdiction be proved, the same effect will be given, in Ohio, to a judgment rendered in Michigan, that would be given to it there. 13 Peters, 312.
In Ohio, we are of the opinion that a judgment before a justice of the peace against property, and no service on the person, appropriates the property only. That execution can not issue on such judgment against the other property or person of the defendant for any implied balance, nor could an action be sustained upon it as being prima facie evidence of debt. When it has converted the property it is functus officio, and vitality remains to it no longer *190 for any purpose. But in such judgments, rendered in the common pleas, our statute has made express provision that the judgment shall stand, and execution issue thereon as in other cases. Swan’s Stat. 93, sec. 11.
It is laid down in several cases of high authoi’ity that, if a creditor attach the goods of his debtor, in the hands of the bailiff, factor, trustee, or garnishee of such debtor, on recovering judgment, the goods may be lawfully applied to satisfy it, and the bailiff, sued, shall be protected by the judgment; but if the goods are insufficient to satisfy the judgment, and the creditor bring suit upon it in any other state, ho must fail, because the defendant was not personally amenable to the jurisdiction of the court rendering the judgment. 9 Mass. 462; 5 Johns. 3, 85, 86; 1 Gill & Johns. 492; 6 Wend. 447; 12 Mass. 25. And to give jurisdiction of the person to the court, in any case, the defendant must have had due notice of the suit. 1 Caine, 466; 2 Dall. 302; 6 Pick. 232.
But if the court here or elsewhere have not jurisdiction of the person, nor of the subject matter, its proceedings are wholly void. Such judgments are as waste paper. They are no protection to those who seek to enforce them; nor are they prima facie evidence of debt. Evans v. Instine, 7 Ohio, 275.
*The record of a judgment must show service or it will not be presumed, either in our own courts or elsewhere. Let us look at the service in the record in question, and see whether any jurisdiction over the person or property was acquired by the Michigan justice. Tho constable returns that ho has made service by attaching a drag tooth, one pair of hames and bolt, but it is nowhere returned that they were the property of the defendant in the attachment; and without such return, and without such were the fact, there is no service, and on valid judgment can be rendered upon it. At least such is the law here, and if such judgment has any greater effect in Michigan the plaintiff, in the court of common pleas, utterly failed to show it.
In Evans v. Instine, 7 Ohio, 275, the court say, “without inquiring as to the effect of a judgment in foreign attachment where the property of a defendant has been taken by virtue of the writ, we are clear in the opinion that where the property of a stranger has been levied upon, such services does not so far give any court jurisdiction, as that a judgment rendered can be of any effect.”
But it is insisted a summons was issued, and that the record *191 shows it was duly served; and therefore it is shown the defendant below had personal notice. The words of the record are, “ attachment issued,” etc.; “summons returned duly served,” etc.; and “costs on garnishee, fee eighty-seven cents.”' This summons was, therefore, I presume, a garnishee-process served od some debtor of the defendant, in attachment, to compel his attendance and answer; but no further notice is taken of either the summons or garnishee in the record. If such judgments bind property in Michigan, we would give them the same effect here. If they would bo prima facie evidence of debt there against the defendant, wo would hold them to be so here; but before the courts here can give them any such effect, the law of Michigan must be proved. Thomas v. Robinson, 3 Wend. 367; 10 Ib. 75; 2 Mass. 45; 8 Ib. 35. We are, therefore, of the opinion the court of common pleas erred in admitting the transcript in evidence.
Judgment reversed.