By the Court.
 

 Let it be read to the jury ; not as evidence that the defendant has paid tho note, but merely that such an entry was made, nineteen years ago, of the payment of a note of twenty-three years’ standing; and to support the general presumption of payment, 'after such a length of time. Nor is this to bo drawn into precedent; for our allowance of the evidence is founded on the particular circumstances of this case.
 

 To prove another point, in the same cause, a book was offered, in the i orm of a ledger, containing, in some instances, references to a waste-book. Notwithstanding this, it was insisted, on the one hand, to be an original, and not a transcript; but denied on the other ; and the person, who, it was said, could prove it, was incapable of attending on account of sickness.
 

 The Court ordered the book to be read ; leaving it to the jury to de
 
 *84
 
 termine, on the face of it, whether it was an original or a transcript; and directing them, in the latter case, to pay no regard to it.
 
 (a)
 

 (a)
 

 In Curren v. Crawford, 4 S. & R. 5, Duncan, J., said, the book “must be an account of the daily transactions of the party . . . and the entries made about the time of the transaction. It is not to be a register of past transactions, but a memorandum of transactions as they occur. If the book appear, on investigation, or examination of the party by the court, not to be such an one, the court may reject it as incompetent. If this does not clearly appear, it is to be submitted to the jury to decide on.” See further on the admissibility of books of original entries, the note to Poultney v. Ross, post, p. 238