JOSEPH BAKER, JAMES OLDEN and ALEXANDER ELMSLIE, administrators of JOHN OLDEN *against* NATHAN FIELD.

The copy of the records of a court of Georgia, not having a seal, nor certified according to the act of congress of 26th May 1790, may be received as *prima facie* but not as conclusive evidence.

CASE *sur* promissory note. The defence set up was, that the note was given in consideration of certain lands in the state of Georgia, which at the time of sale, were incumbered by divers judgments had against Zachariah Cox, the former owner of them.

To prove these incumbrances, the defendant offered in evidence, a paper under the hand of the clerk of the Superior Court of Chatham county, in Georgia, but not having the seal of the court annexed, nor certified agreeably to the act of congress of the 26th May 1790,(1 U. S. Laws, 161, Oswald's edit.,) by the chief justice, or presiding magistrate. The plaintiffs excepted hereto for want of such seal and certificate.

The first ground of exception was dropped, on the certificate of James Jones, esq., a member of congress for Georgia, that the county courts of Georgia had no seals. And it was agreed, that judgments in the county courts, bound lands throughout the state of Georgia.

*Per cur.* The second ground has already received a determination at the sitting here, between William Ralston and James Cummins, (14th March 1799.) There an exemplification of a record in ejectment in Maryland, wherein the plaintiff recovered, not certified according to the directions of the act of congress, was received in evidence, on argument. To make a record conclusive evidence, and to give it " such faith and credit in every other court of the United States, as it has by law or usage in the courts of the state, from whence such record is taken," it must be authenticated according to the act of the Union ; but no negative words being inserted therein, the usual certificates may be received as *prima facie* evidence of the record, and may be shown to the jury.

The defendant failing in his proof, that the note was given in

consideration for the lands thus incumbered, the plaintiffs obtained a verdict for 648 dollars and 50 cents.

Messrs. Ingersoll and Brinton, *pro quer.*
Messrs. E. Tilghman, McKean and Franklin, *pro def.*