## Alter *against* Berghaus.

The absence of a witness from the state, so far as it affects the admissibility of secondary evidence, has the same effect as his death.  So the hand-writing of a plaintiff, who has made original entries of charge in a book, and who is absent from the state, may be proved, and upon such proof the entries are admissible.

ERROR to the common pleas of *Dauphin* county.

Alter, Taylor & Dewey against Henry C. Berghaus.   Debt on promissory note.

During the progress of the trial of this cause, the plaintiffs offered in evidence their book of original entries, charging George H. Berghaus with goods sold and delivered, with proof by a disinterested witness that the original entries are in the hand-writing of Solomon J. Dewey, one of the plaintiffs.

The defendant objected that Solomon J. Dewey was himself competent to make the proof, and that the fact of his absence was not sufficient to make way for secondary evidence.  The court rejected the evidence, and the plaintiff excepted.

*H. Alricks*, for plaintiff in error.
*J. A. Fisher*, for defendant in error.

The opinion of the Court was delivered by

ROGERS, J.—It is a well settled principle, adopted from necessity as well as convenience, that the original book of entries, of a tradesman or merchant, may be given in evidence on the oath of the party himself, or the clerk who made the entries.   And when the clerk is out of the state, it has been decided that it may be received, on proof of his hand-writing. In Crouse *et al. v.* Miller, 10 *Serg. & Rawle* 155, a book of original entries was admitted in evidence, without objection, or proof of the hand-writing of the person who made the entries, who was absent from the state.   But although this is conceded, yet a distinction is taken between this class of cases, and the proof of the hand-writing of a co-partner who resides out of the state.   And on this distinction the court ruled out the evidence. The point came before the Supreme Court of South Carolina, in Foster *v.* Singler, 1 *Bay* 40; Spencer *v.* Saunders, 1 *Bay* 119; and in Trun *v.* Rogers and McBride, 1 *Bay* 480.   In these cases, it is held that the original book of entries, of a merchant or shop-keeper, is good evidence to go to a jury upon the plaintiff's oath; and when

[Alter v. Berghaus.]

one of the copartners, who made the entries, is out of the state, the other copartner may swear to his hand-writing in the books.

The entries are ruled to be *prima facie* evidence of a delivery. These cases, it is said, were decided after judgment by default, and upon execution of a writ of inquiry ; but this can make no difference, as the point was ruled by the court after great deliberation. Here the case was not rested on the oath of the copartner, but he offered to prove the hand-writing, and the residence in New Orleans by an indifferent witness. Absence from the state, as far as it affects the admissibility of secondary evidence, has the same effect as the death of the witness, and it must be conceded that the death of the copartner would have made room for secondary proof. It must be observed that it is *prima facie*, and not conclusive evidence of delivery, and if any proof can be given of collusion or fraud, that will destroy its credit with the jury. To guard against the possibility of fraud, exceeds the bounds of human reason. All we can do is to lay down general principles, and leave the application to the court, and the good sense of the jury. It is very true that a partner may withdraw from the state, for the purpose of having secondary proof admitted, and a clerk who made the entries may be induced to withdraw for the same reason. So that if we suppose a premeditated fraud, it may be committed in the one case as well as the other; but this is no reason for its exclusion altogether, although it is a very good one for subjecting it to the most rigid scrutiny, on the examination before the jury.

The disposition of this point makes a decision on the other exceptions unnecessary, and accordingly I have been instructed by the court to express no opinion upon them.

Judgment reversed, and *venire de novo* awarded.