## Hoover *versus* Gehr.

1. The book of a decedent showing on its face charges of goods sold and delivered is evidence on proof of his handwriting alone.

2. It is not necessary there should be accompanying evidence of the time and manner in which the entries were made.

3. The presumption primâ facie is that the book of a decedent is regularly kept as a record of his daily transactions.

4. It is not a valid objection to a book as one of original entries that it is kept in ledger form.

5. If a servant in delivering goods makes memoranda and on the same or next day entries are made from them by a master into his books, these are books of original entries.

May 11th 1869.   Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Error to the Court of Common Pleas of *Franklin county :* No. 92, to May Term, 1869.

This case originated before a justice of the peace, between Upton Washabaugh, plaintiff, and David Gehr, defendant, and was removed to the Court of Common Pleas on the 15th of April 1867.   The claim was on a book account for ale and beer, alleged to have been sold and delivered by the plaintiff to the defendant.

Before the trial, the plaintiff died, and D. O. Gehr, his executor, was substituted.

On the trial before Rowe, J., November 18th 1868, the plaintiff offered a book as a book of original entries, and testified that it was found at the decedent's house, and that the entries were in his handwriting.

S. Armstrong testified that, before the justice, the charges in the account presented by the plaintiff were not objected to by the defendant.

A. Eiker, who delivered the ale, &c., for the plaintiff, testified that he delivered ale, &c., during the summer of 1863, to the defendant, and that he kept pass-books; the plaintiff, who was sick, kept a larger book, in ledger form, at his house, and transcribed the accounts from the pass-book into the larger book.   Always,

[Hoover v. Gehr.]

when witness came home from a trip, plaintiff entered the charges and credits which witness gave out from the pass-book in witness's presence. The items were transferred from pass-book "within a couple of days;" when plaintiff was well, they were transferred every evening.

The court admitted the ledger in evidence against the objection of the defendant, and sealed a bill of exceptions.

The account in the ledger was the following:—

Dr.　　　　　　　DAVID HOOVER,　　　　　　　Cr.

| 1863. | | | | | 1863. | | | |
|---|---|---|---|---|---|---|---|---|
| March 9 | To 2 Barrels of Ale, | 1048 | $15 00 | | March 9 | By Cash, | 1048 | $10 00 |
| " 13 | To 1 " " | 1048 | 7 50 | | April 7 | By Cash, | 1048 | 10 00 |
| " 28 | To 2 " " | 1048 | 15 00 | | " 21 | By Cash, | 1050 | 10 00 |
| April 8 | To 3 " " | 1049 | 22 50 | | May 2 | By Cash, | 1051 | 12 00 |
| May 2 | To 1 " " | 1051 | 8 00 | | " 18 | By Cash, | 1052 | 11 00 |
| " 18 | To 3 " " | 1052 | 24 00 | | " 18 | By Error, | 1052 | 7 00 |
| June 1 | To 3 " " | 1054 | 24 00 | | " 18 | By Leakage, | 1052 | 1 50 |
| | | | $116 00 | | June 1 | By Cash, | 1054 | 15 00 |
| | | | | | | | | $77 00 |
| | | | | | 1864 | | | |
| | | | | | Feb'y 12 | By 3 Ale Barrels, | | 6 00 |
| | | | | | " 12 | By Cash, | | 10 00 |

The defendant gave evidence for the purpose of showing errors in the credits in plaintiff's books.

The defendant submitted this point:—

"The plaintiff having proved that the original entries of the account against defendant were made in a pass-book at the time of the delivery of the ale, and having failed to show when said entries were copied by Washabaugh into the ledger, the ledger is not competent proof of plaintiff's claim, and the jury must disregard the book produced in court."

The court submitted the case to the jury on the evidence as to whether the ledger was a book of original entries, and in answer to the point said:—"This point, as applied to the testimony in this case, is not affirmed. There is some evidence as to when the transfer was made from the pass-book into the larger book."

The verdict was for the plaintiff for $30.40.

The defendant took a writ of error, and assigned for error the admission of the book in evidence, and the answer to the point.

*J. McD. Sharpe*, for plaintiff in error.—The proof as to the ledger being a book of original entries, was not sufficient: Funk *v.* Ely, 9 Wright 448; Churchman *v.* Smith, 6 Whart. 146; Curren *v.* Crawford, 4 S. & R. 3; Breinig *v.* Meitzler, 11 Harris 156. As to the answer of the point: Van Swearingen *v.* Harris, 1 W. & S. 356; Odell *v.* Culbert, 9 Id. 66; Patton *v.* Ryan, 4 Rawle 410; Ingraham *v.* Bockius, 9 S. & R. 285; Hartly *v.* Brookes, 6 Whart. 189; Forsythe *v.* Norcross, 5 Watts 432; Kessler *v.* McConachy, 1 Rawle 435; Vicary *v.* Moore, 2 Watts 451; Walter

*v.* Bollman, 8 Watts 544; Jones *v.* Long, 3 Id. 326; Cook *v.* Ashmead, 2 Miles 268; Weamer *v.* Juart, 5 Casey 259.

*G. W. Brewer*, for defendant in error, cited Ives *v.* Niles, 5 Watts 324; Ingraham *v.* Bockius, Patton *v.* Ryan, Van Swearingen *v.* Harris, Breinig *v.* Meitzler, Curren *v.* Crawford, *supra ;* Rehrer *v.* Zeigler, 3 W. & S. 259; Thomson *v.* Hopper, 1 Id. 468.

The opinion of the court was delivered, July 6th 1869, by

SHARSWOOD, J.—The book of a decedent appearing on its face to contain charges of merchandise sold and delivered, is admissible in evidence on proof of his handwriting alone. It is not necessary to accompany it with any evidence as to the time and manner in which the entries were made. This would generally be impossible from the death of the only party having any knowledge of the matter. The presumption, primâ facie, is, that the book of a decedent was regularly kept as a record of his daily transactions. If testimony is subsequently introduced which raises any question upon the subject, it is for the jury to determine, under proper instructions from the court: Van Swearingen *v.* Harris, 1 W. & S. 356; Odel *v.* Culbert, 9 Id. 66.

There was nothing on the face of the book produced below to destroy this presumption. It was no valid objection that the account was kept in ledger form: Rodman *v.* Hoops's Ex'rs, 1 Dall. 85; Thomson *v.* Hopper, 1 W. & S. 468. It did not show on its face that it was copied from any other book. The figures attached to each item were not stated to be pages, and were not necessarily to be presumed to be so in the absence of explanation. They may have been the numbers of the barrels of ale sold or the numbers of the sales made. The testimony of Eiker threw no discredit on the book. He was a porter or drayman. He testified that Washabaugh, the decedent, transcribed the accounts from pass-books into the larger book. "Always," said he, "when I came home from a trip, Washabaugh entered the charges and credits from the pass-book I had into the larger book produced in my presence. I always gave them out of the pass-book to him myself." It was decided by this court, in Ingraham *v.* Bockius, 9 S. & R. 285, that if a servant, in the course of delivering out goods to customers, make memoranda, and the same night, or next day, entries are made by the master, in books, from the memoranda, such books are books of original entries. It was not necessary to produce or account for the pass-books. These were not like a counter book or blotter, which is a permanent record of the business done in a shop. They were mere memoranda kept by the porters to assist their memory in making their returns to their employer, and though kept in small books, were no better than loose slips of paper: Breinig *v.* Meitzler, 11 Harris 159.

[Hoover v. Gehr.]

The book was therefore rightly admitted, and the defendant's point properly declined, which disposes of both the assignments of error.

Judgment affirmed.