# Otto et al. *versus* Trump.

1. The Act of Congress of 1790 only presents a general mode of authentication of records; it does not exclude any other evidence which the courts of a particular state may deem expedient. Other evidence good according to established principles independently of the Act of Congress may be admitted.

2. Where proof of a writing is by copy, an examined copy duly made and sworn to by a competent witness is always admissible.

3. It is not competent to show by parol evidence what a suit at law involves, a copy of the record properly certified or examined is the best evidence of it.

· February 15th, 1887. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lycoming county :* Of January Term 1887, No. 157.

*Scire facias* to revive and continue the lien of a judgment brought by John Otto and John R. Hazlett, assignees of Knapp & Thompson, against E. D. Trump, endorser of A. T. Nichols & Co. Pleas, payment with leave, and specially release and discharge.

The following are the facts of the case as they appeared on the trial before CUMMIN, P. J.

On the 5th of May, 1876, D. B. Knapp and William F. Thompson, doing business as Knapp & Thompson, brought suit against E. D. Trump, the defendant, as indorser of A. T. Nichols & Co., on two notes dated February 1st, 1876, at three months, made by Frank Trump to the order of A. T. Nichols & Co., for three thousand and five hundred dollars respectively, June 7th, 1876. Judgment was obtained against the defendant for want of appearance for $3,523.44. September 27th, 1883, a *scire facias* was issued to revive the judgment to which the defendant interposed a defence, claiming he had been discharged from his liability as indorser of A. T. Nichols & Co., because there existed between them the relation of principal and surety, and that the creditors of A. T. Nichols & Co., the assignees of Knapp & Thompson, who since the

commencement of the original suit had become insolvent, and had made an assignment for the benefit of their creditors, had compromised the original claim against A. T. Nichols & Co., by virtue of an assignment made by the assignees to R. M. Foresman of a suit in equity pending in the Court of Appeals of the state of Virginia, being an appeal from the decree of the Hustings Court of Portsmouth City, Va., dismissing a bill filed by said Knapp & Thompson to set aside a conveyance made by A. T. Nichols of his individual real estate to his sister Eliza Nichols in fraud of their rights as creditors of A. T. Nichols & Co., by virtue of his being a member of the firm of A. T. Nichols & Co., who owed them as partners, and were insolvent.

To sustain the allegation, the defendant offered in evidence, under objections, the petition of the assignees of Knapp & Thompson, to the Court of Common Pleas of Lycoming county, on the 22d day of January, 1881, asking leave to accept an offer to compromise said suit for fifteen hundred dollars, together with the decree of the court authorizing them to accept said offer as well as a compared copy of the assignment subsequently executed by said assignees to R. M. Foresman, the original of which was on file in the case to which it referred in the Court of Appeals of Virginia. To which plaintiffs objected because the original paper was the best evidence and should be produced, no evidence having been given that it was destroyed or lost; and that a sworn copy could not be offered as detached from the records, but must be authenticated as required by the Act of Congress of 1790; and because this assignment constituted no defence to the revival; and because it did not amount to a discharge of the defendant from his liability as indorser of the firm of A. T. Nichols & Co.

The defendant was also permitted to introduce parol evidence under the objection of the plaintiff as to what the subject of the said assignment was, that it was an assignment of a suit at law which involved the same matter here in litigation.

Foresman, the assignee of said assigned claim, testified that he had made a settlement and compromise with Nichols & Co., the makers of the notes, and that there was nothing due from them on these notes or the judgment obtained on them.

The court instructed the jury to find a verdict for the defendant. Verdict for the defendant and judgment thereon, whereupon the plaintiff took this writ, assigning for error the admission of evidence as above shown, and the instruction of the court to the jury to find for the defendant.

*J. C. Hill* (*H. S. Ames* with him), for plaintiff in error.— The petition of the assignees to be permitted to assign the judgment was irrelevant.

The only defence in the trial of a *scire facias* on a judgment is a denial of the existence of the judgment or proof of a subsequent satisfaction, or discharge therefrom: Dowling *v.* McGregor, 10 Norris, 410. For none of these purposes was this petition evidence.

The Act of Congress of 1790 provides the modes for authenticating records of courts in one state to be used as evidence in another.

The assignment in this case if a part of the record, was attached to it—was only a part and as such was not competent: Eberts *v.* Eberts, 5 P. F. S., 116; Edmiston *v.* Schwartz, 13 S. & R., 135; Voris *v.* Smith, 13 Id., 334; Harper *v.* Bank, 7 W. & S., 204.

This evidence was admitted on the authority of the American Life Insurance and Trust Company *v.* Rosenagle, 27 P. F. S., 507; Greenleaf's Evidence, section 485.

If not a part of the record, its loss or destruction must first be shown before secondary evidence would be admissible.

It was moreover irrelevant.

The mere dismissal by the creditor of a suit which he has commenced against the principal, and by which, if prosecuted, the money could have been collected, will not discharge the surety. In such cases no lien is lost, and the transaction amounts to simple forbearance without consideration: Brandt on Suretyship, § 381, p. 515; Somerville *v.* Marbury, 7 Yill *v.* Johnson, Md., 275; McVeigh *v.* The Bank of the Old Dominion, 26 Gratt. Va., 785; Barney *v.* Clark, 46 N. H., 514; Bank *v.* Rodgers, 16 Id., 9; Barker *v.* Marshall, 16 Vt., 522.

Will the assignment of a suit discharge the surety? We think not. It is the right of a surety to be subrogated to the rights of the creditor in all the securities he has against the principal. In order that the surety may be discharged by the act of the creditor he must have some lien or interest in property or securities so that creditor is charged with a trust in favor of the surety.

*R. P. Allen* (*John G. Reading, Jr.*, with him), for defendant in error.

This court held in Baker *v.* Field, 2 Yeates, 532, that " to make a record conclusive evidence, and to give it ' such faith and credit in every other court of the United States as it has by law or usage in the courts of the state from whence such record is taken," it must be authenticated according to the Act of the Union; but no negative words being inserted therein, the usual certificates may be received as *prima facie* evidence of the record, and may be shown to the jury." And in commenting on Kean *v.* Rice, 12 S. & R., 208, it is said in Snyder

[Otto *v.* Trump.]

Am

*v.* Wise, 10 Barr., 160, that "it has been held by numerous cases, and among them is our own, Baker *v.* Field, 2 Y., 532, that as the law of Congress has no negative words, the records of a sister state may be established by any competent proof known to the common law."

And in discussing authentication of records under the Act of Congress, this court held in State of Ohio *v.* Hinchman, 3 Casey, 485: "That Act prescribes a general rule which makes records admissible in every state, but it does not exclude any other evidence which the courts of a particular state may deem competent."

This court in delivering the opinion in the American Life Ins. Co. *v.* Rosenagle, 27 P. F. S., 515, adopts the exact language used in 1 Greenl. Ev., § 485: "Where proof is by a copy, an examined copy, duly made and sworn to by any competent witness, is always admissible."

It is clear that the settlement of the claim with A. T. Nichols, one of the principals, by Mr. Forsman, would discharge Mr. Trump as surety, because it destroyed the right of Mr. Trump to be subrogated to the rights of Knapp & Thompson as against A. T. Nichols or A. T. Nichols & Co.: Redfield & Bigelow, L. C., on Bills and Notes, p. 568; 2 Parsons on Notes and Bills, p. 241; 2 Daniels on Negotiable Instruments, p. 287; Klopp & Stump *v.* Lebanon Bank, 10 Wr., 88; Mehaffy *v.* Share, 2 P. & W., 361; Smith *v.* Rice, 27 Mo., 505.

Mr. Justice CLARK delivered the opinion of the court, March 28th, 1887.

It is conceded that E. D. Trump was an accommodation indorser of the note on which the original judgment against him was obtained in favor of Knapp & Thompson; he therefore occupied the relation of a surety, and in the event of his being obliged to pay the debt was entitled to subrogation to the rights of Knapp & Thompson, as against A. T. Nichols & Co., the principal debtors. His defence upon the *scire facias* was that the plaintiffs had compromised their claim against A. T. Nichols & Co. that they had, with the leave of, and under the authority of, the Court of Common Pleas of Lycoming county, which had jurisdiction of their accounts, assigned their claim against A. T. Nichols & Co., to one Robert M. Foresman with whom A. T. Nichols & Co., had subsequently effected a settlement and compromise, and that the debt, for which the defendant was simply a surety, was thereby extinguished. The defendant, therefore, maintained that, as by the compromise the original and principal debtors were discharged, he was in like manner discharged, for, in the event of his being compelled in this action to pay the balance of the debt, he has by the act of the plain-

tiffs been deprived of his equitable right and remedy of subro-
gation.

To maintain the issue on his part the defendant first offered
the record of the proceedings of the Common Pleas of Lycom-
ing county, in which authority was given to the assignees to
effect a compromise.   The petition set forth in substance that
a suit in equity was pending in the Hustings Court in the city
of Portsmouth, brought by Knapp & Thompson against A. T.
Nichols to set aside a conveyance made by A. T. Nichols to
Eliza Nichols, his sister, in fraud of creditors; which suit was
still pending in the Court of Appeals, etc., that the assignees
had received an offer of $1,500, in cash, for compromise of the
"Knapp claim," as set forth in a telegram annexed thereto, and
praying the court to authorize them to accept the terms of com-
promise offered.   Upon due consideration, on the 22d Jan-
uary, 1881, a rule to show cause was granted, which rule was
afterwards made absolute.

The relevancy of this offer  did  not perhaps fully appear at
the time it was made, but it could not be said to be wholly ir-
relevant; the subject-matter of the proceeding was a claim of
Knapp & Thompson against Nichols, whether it was the same
claim for which Trump was surety did not certainly appear,
but the defendant was not bound to exhibit his whole case in
a single offer; the identity of the debt was the subject of fur-
ther proof, and the order of the evidence is a matter largely in
the direction of the court.   The subsequent proofs, however,
fully justified the admission of the offer.

The defendant's next offer was a copy of an assignment, dated
25th of November, 1881, made by Otto and Hazlett, the as-
signees, and Knapp & Thompson to Robert M. Foresman of a
certain case entitled " Daniel B. Knapp and William F. Thomp-
son against Albert T. Nichols," transferring all their right, title
and interest "in and to the claim of plaintiff in the above en-
titled case, debt, interest and costs, with full power to prosecute,
settle or discontinue the said suit now pending in the Court of
Appeals in the state of Virginia, as to the said Foresman may
seem proper."   To this it was objected, first, that copy was not
receivable in evidence, excepting upon proof of the loss or de-
struction of the original; and second, that if admissible at all,
it could only be by an exemplification of the record and the Act
of Congress of 1790.   It was conceded that the original was
on file and constituted part of the record in the Court of Ap-
peals of Virginia; it was therefore out of the power of the de-
fendants to produce it, and secondary evidence in some form
was necessarily resorted to, to establish its existence, execution
and contents.   Secondary evidence is admissible to establish
the execution of a paper where the subscribing witness is out

of the jurisdiction of the court, as if he were dead: Truby *v.* Byens, 6 Barr, 347; the original entries of a tradesman or merchant may be given in evidence when the clerk who made them is out of the state, on proof of his hand-writing: Cronin *v.* Miller, 10 S. & R. 155; his absence from the state has the same effect as his death: Alters *v.* Berghans, 8 Watts, 77. Upon the same general principle, in Ralph *v.* Brown, 3 W. & S., 399, where the question was upon the admissibility of a copy of a release, it was said that as the original paper was in the hands of a person who could not be reached by the process of the court, it was as much beyond the defendant's power to compel the production of it as if it had been destroyed, and it was therefore held that the contents might be established by parol. So, in Rhoder *v.* Seibert, 2 Penn. 18, it was distinctly decided that when the production of papers cannot be compelled, because beyond the jurisdiction of the court, secondary evidence may be given. The first ground of objection cannot therefore be maintained.

The second ground is, we think, equally untenable. It was shown that after the original had been executed and delivered to Foresman, he left it in custody of Seth T. McCormick, who, prior to sending it to Virginia prepared a copy, and he states that the copy of the assignment in evidence is an accurate, exact and examined copy of the original. It is doubtless true that the record of the proceeding in the courts of Virginia might have been certified under the Act of Congress, and if so it would have been receivable in evidence in any proceeding in Pennsylvania where it was relevant to the issue, to show what was involved in and what was determined by the suit which was certified; but we greatly doubt whether the copy of the assignment, as such, embraced therein would be proper evidence in a suit between other parties, at least until the execution of the original was established by common law proofs.

But let this be as it may, the Act of Congress of 1790 only prescribes a general mode of authentication of records; it does not exclude any other evidence which the courts of a particular state may deem expedient: State of Ohio *v.* Hinchman, 3 Casey, 485. Other evidence, good according to established principles independently of the Act of Congress, may be admitted: Kean *v.* Rice, 12 S. & R., 208. As the Act of Congress has no negative words, even the records of a sister state may be established by any competent proof known to the common law: Baker *v.* Field, 2 Yeates, 532. See, also, Snyder *v.* Wise, 10 Penn., 157. Where proof is by a copy, an examined copy duly made and sworn to by a competent witness is always admissible: Am. Life Ins. Co. *v.* Rosenagle, 77 Penn., 515; 1 Greenleaf, § 485.

The copy was not offered as a detached portion of the record;

[Krum & Peters v. Anthony.]

it was, strictly speaking, perhaps, not a part of the record; it was filed with the record for the benefit of all parties in interest for safe keeping, and for the convenience and information of those who for any purpose might have occasion to refer to the record. The offer was of the assignment, as such, by a copy thereof, duly examined and proved independently of the record. It was the assignment, in terms, of the Knapp & Johnson claim against Nichols, "debt, interest and costs."

But it was not competent, we think, by the introduction of parol evidence, to show what the subject of the assignment was, where it plainly appeared that it was the assignment of a suit at law, the debt, interest and costs of a claim designated only, as a claim in suit, in a certain court. A copy of the record, properly certified or examined was undoubtedly the best evidence of what was involved in that suit. The parol evidence of Trump and of Nichols, in merely negative form, that they knew of no other indebtedness of A. T. Nichols, or of A. T. Nichols & Co., which could properly be embraced in the suit, was, we think, incompetent, where the record would have shown affirmatively and exactly what the claim was, which was assigned.

Moreover, the effect of the parol proof, even if it had been admissible for the purpose was for the jury, not for the court; for although the testimony on the question of identification was wholly one-sided, and to the same effect, the veracity of of the witnesses, and the truth or accuracy of their testimony was certainly for the jury.

The judgment is reversed, and a *venire facias de novo* awarded.