# Philadelphia to use *v.* Tradesmen's Trust Company, Appellant.

*Practice, C. P.—Rules of court—Book accounts—Books of original entries—Affidavit of defense.*

1. Where a rule of court provides that books of entry need not be produced at the trial where the book accounts have been filed and no objections have been made to them by affidavit, the books themselves may be produced at the trial, although a copy of the book accounts has been filed without objection by affidavit.

2. Where entries in books have been made from cartage slips or delivery tickets at or about the time the slips were signed, the books will be considered the books of original entries.

*Principal and surety—Construction contract—Parties.*

3. The words "labor furnished to the job," in a construction contract, include a charge for furnishing a horse and cart for cartage, and such a charge may be enforced against the surety of the contractor.

*Principal and surety—Appropriation of payments.*

4. In an action upon a bond of contractors, the plaintiff may credit the price of articles sold to him by the contractors upon an account between them which existed prior to the sureties' liability on the bond, if it appears that the contractors had not specifically appropriated the items in question.

5. Where there are items of debt and credit in a running account, and the intention of the debtor at the time of making payments to specifically apply them, is not shown either in words, acts or circumstances, they will be appropriated to the discharge of the items first due in the order of account.

Argued Oct. 16, 1908. Appeal, No. 101, Oct. T., 1908, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1905, No. 1,043, on verdict for plaintiff in case of City of Philadelphia to use of Charles J. Thompson v. Tradesmen's Trust Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and BEAVER, JJ. Affirmed.

Assumpsit on a contractor's bonds.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were (1, 2) rulings on evidence referred to in the opinion of the Superior Court, quoting the bill of exceptions and various exceptions.

Verdict and judgment for plaintiff for $264.54. Defendant appealed.

*W. W. Porter,* of *Porter, Foulkrod & McCullagh,* for appellant.—The liability of a surety, under bonds of this character, has been frequently before the courts of this state and also the federal courts, and the test, as to whether the material or labor furnished and claimed for is covered by the terms of the bond, has been declared by this court to be the same as the test applied by the federal courts: Philadelphia v. Malone, 214 Pa. 90; United States v. Kimpland, 93 Fed. Repr. 403; United States v. Morgan, 111 Fed. Repr. 474; Thos. Laughlin Co. v. American Surety Co. of New York, 114 Fed. Repr. 627.

The use plaintiff's ledger, into which a bookkeeper copies the entries for cart hire from cartage slips signed by the party to be charged is not sufficient proof of use plaintiff's claim: Shoemaker v. Kellogg, 11 Pa. 310; Nichols v. Haynes, 78 Pa. 174; Stuckslager v. Neel, 123 Pa. 53; McKnight v. Newell, 207 Pa. 562.

Where goods delivered to the operation and paid for by the contractor are redelivered to the use plaintiff to be credited on account of the contractor's indebtedness, the use plaintiff cannot credit their value against the contractor's earlier indebtedness to the prejudice of the surety.

*Francis S. Cantrell, Jr.,* with him *Francis S. Cantrell,* for appellee.—In a suit against the surety on a bond given under the ordinance of Philadelphia of March 30, 1896, a claim for cartage is recoverable: Bowditch v. Gourley, 24 Pa. Superior Ct. 342.

The appropriation was proper: Woods v. Sherman, 71 Pa. 100; Pardee v. Markle, 111 Pa. 548.

OPINION BY BEAVER, J., February 26, 1909:

The defendant company was surety for Wallace & Company, contractors for the construction for the plaintiff of "an extension of the main intercepting sewer from its then terminus at Nixon's Mill northeast of Fountain Street on private property to Shawmont Avenue, thence north upon Shawmont Avenue to Eva Street." The contract was evidenced by two separate agreements with the city of Philadelphia, one dated November 17, 1902, and the other December 9, 1903. It is admitted that the defendants were surety for the contractor only under the supplemental contract last above mentioned, the bond of suretyship being of the same date.

The use plaintiff bases his claim for work and labor and materials furnished by him to the contractors under the supplemental contract aforementioned, as contained in a copy of his book of original entries filed with his statement. It was admitted at the trial that the work and labor done and materials furnished prior to March 3, 1904, being under the first contract, should be deducted from the account, the defendant not being liable therefor. It was also admitted that the items for bituminous coal furnished were not properly chargeable against the defendant.

Several questions are raised by the assignments of error which may be best considered and disposed of by taking them in their order.

The first two relate to the admission of the plaintiff's book entries, as contained in the following offer: "Mr. Cantrell: I next offer in evidence the copy of the book entries attached to the statement of claim beginning on March 3, 1904, with the ex-. ception of any cartage which is there noted, the cartage being questioned in the affidavit of defense. Objected to, unless the book account is proved. Objection overruled and book account admitted in evidence. Exception allowed for defendant."

As we understand the argument of the appellant, the rules of the court in which the case was tried provide that: "In actions on book accounts a copy of which, supported by an affidavit of the truth thereof, shall have been filed, it shall not be necessary to produce the books at the trial, unless the defendant in the

affidavit of defense, or other affidavit filed thereafter, allege that the account or copy is incorrect and demand the production of the books at the trial; otherwise said copy shall be admitted as evidence without further proof." The plaintiff's book account having been fully set forth and no exception made thereto, and no demand for the books themselves having been made in the affidavit of defense, we think the account as filed proved itself, with the exception of the items for cartage, which were expressly objected to in the affidavit. No wrong, therefore, was done the defendant by admitting the book of original entries which need not have been produced, the copy of the account, as filed with the statement, being all that was necessary.

The second assignment, however, denies that the book as produced was one of original entries, for the purpose of proving the cartage. The entries in the book produced were made from cartage slips or delivery tickets. The entries, as we understand it, were made directly from these slips at or about the time they were signed. The court ruled that the book was one of original entries and admitted it as such under exception. We think this action is justified by Hoover v. Gehr, 62 Pa. 136, in which it was held, Mr. Justice SHARSWOOD delivering the opinion, in which many authorities are cited, that: "It is not a valid objection to a book as one of original entries that it is kept in ledger form." This was a case in which the accounts were transcribed from pass books into the larger book and in which the admission of the book by the court below was held to be proper.

The third, fourth, fifth and sixth assignments relate to the subject of the charge for cartage, the court below holding that the furnishing of a horse and cart was "labor furnished to the job," and submitting to the jury the amount or number of days when the horse and cart were employed about the job. This is excepted to by the appellant, upon the authority of Philadelphia v. Malone, 214 Pa. 90, in which it was held that: "A subcontractor is not entitled to recover against the surety on a municipal contractor's bond for coal furnished for generating steam to run a steam shovel and a locomotive used in excavating and removing dirt in constructing a reservoir, where it ap-

pears that the bond was conditioned that the contractors ' shall and will promptly pay all sums of money which may be due for labor and materials furnished and supplied, or performed, in and about the said work,' and an inspection of the contract and specifications discloses nothing whatever which could be construed to include coal furnished for running a steam shovel or locomotive." If the charge here had been for food and forage for the horses hitched to the cart, it would be similar to the case upon which the appellant relies. We think the court was right in holding that the horse and cart were just as much labor as if the work had been done by a man with a wheelbarrow. In fact, the surety doubtless benefited by the employment of such labor rather than by human labor. It has been held by the federal courts, which involves the same principle, that board furnished to a contractor's workmen is not covered by the bond, United States v. Kimpland, 93 Fed. Repr. 403, and it was held in the present case and admitted by the plaintiff that the coal contained in the account upon which the suit was brought was not a proper item of charge, and it was stricken out. The assignments of error, relating to this subject, both in the admission of the testimony and the instructions to the jury are, therefore, not sustained.

It appeared in the trial that the plaintiff credited the price of a horse and some brick sold to him by the contractors, upon an account between them which existed prior to the defendant's liability on its bond. The court allowed this credit and instructed the jury that the credit had been properly entered, although at the time of its entry the defendant was liable on its bond for the acts of the contractors within the terms of their contract. This we think was clearly right, under all the authorities. In Woods v. Sherman, 71 Pa. 100, as stated in the syllabus: "Davis was indebted to Sherman for printing; he refused to do more without a guaranty. Woods agreed to guaranty to Sherman the contract made by him with Davis to the amount of $10,000. Afterwards, Davis paid money to Sherman, without directing any appropriation. Held, that Sherman might apply it to the debt due before the guaranty." So in Pardee v. Markle, 111 Pa. 548: "Where there are items of

debt and credit in a running account, and the intention of the debtor at the time of making the payments to specifically apply them, is not shown either by words, acts or circumstances, they will be appropriated to the discharge of the items first due in the order of the account." It was not shown that the contractor had specifically appropriated the items in question to his liability to the use plaintiff under the supplemental contract, which was covered by the bond of the defendant. He was, therefore, justified, as we view the transaction, in crediting these items to the earlier indebtedness of the contractor and the court below was justified in so holding. The seventh assignment of error is, therefore, overruled.

The last assignment of error relates to a clause in the charge of the court below, in which it is claimed that the trial judge overstated the amount of the basis of the plaintiff's claim as follows: "Therefore, if I understand it correctly, that amount of $64.15 is to be deducted from the $109.62 or from the $119.47, that is immaterial, but taking it from the $109.62, leaving $45.47, which added to the $119.47, would leave the defendant's claim, as I make it, $164.94. I may be wrong as to the figures in hastily running over them. Assuming that I am correct, you will take the law from me. I mean in regard to assuming that is correct, you have the basis of the plaintiff's claim, a sum of $349, as per his book account filed. Or, rather, that is the basis of the plaintiff's claim here for you." As a matter of fact, the basis of the plaintiff's claim, as set forth in the copy of his book account attached to the statement, was $379.09, which was reduced by the charges for which it was conceded the defendant was not liable for the items of bituminous coal which were excluded by agreement and it would, therefore, have been perfectly correct for the court to have named the basis of the plaintiff's claim as the amount contained in the copy of his book of original entries. He placed the basis of the claim, however, at $349, being less than the aggregate claim as contained in the plaintiff's statement. The error, therefore, if there was any, was in favor of the defendant, but the court specially guarded his statement by the cautionary instructions to the jury that he might be wrong as to the figures

in hastily running over them and carefully instructing the jury that in all questions of fact they were to determine and were bound only to take the law from the court. He was also careful at the end of the charge to say: "In this case I have taken a less time perhaps than the full explanation desired, and I shall ask counsel, if they desire any further instructions on any point, or any further reference to the testimony, that they will call my attention to it." That the jury understood that questions of fact were purely for them is shown by the verdict which, as we understand it, was the amount of the plaintiff's provable claim, with interest.

An examination of all the assignments of error, as tried by the testimony and the charge of the court, and a full consideration of the appellant's argument, fail to convince us that the court below erred in any way in the trial, so far as indicated in the assignments of error. None of them is, therefore, sustained.

Judgment affirmed.