# John Wanamaker, Philadelphia, *v.* Chase, Appellant.

*Evidence — Book accounts — Original entry — Statements of account—Sales slips—Business practices.*

Where it appears that in a large department store the accounts of customers were kept in the form of duplicate statements, made from the original sales slips by use of carbon paper, such statements are admissible in evidence as the book of original entry.

Where several copies of a writing are made at the same time by the same mechanical operation each is to be regarded as an original, and is admissible in evidence as such.

The first permanent record of a charge against one who purchased goods on credit, if made in the regular course of business, is the book of original entry, even though it may have been made up from earlier memoranda or sales slips showing the transaction.

Where, in an action upon an account, it appeared that the defendant had a credit account with plaintiff's department store and in connection therewith had received a store "coin" or "token," it was competent for the plaintiff to prove how the coin was intended to be used, in order to establish the exact relation in which the parties dealt with each other.

Argued October 11, 1922. Appeal, No. 125, Oct. T., 1922, by defendant from judgment of C. P. No. 3, Philadelphia County, Sept. T., 1920, No. 6437, on verdict for plaintiff, in the case of John Wanamaker, Philadelphia, v. Carrie D. Chase. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on a book account for goods sold and delivered. Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $278.37 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence, and points for charge.

*Roy Martin Boyd,* and with him *J. Claude Bedford,* for appellant.

*George Sterner,* and with him *William L. Nevin,* for appellee.

OPINION BY PORTER, J., July 12, 1923:

This is an action to recover for merchandise sold and delivered. The plaintiff recovered a judgment in the court below and the defendant appeals. The first, second and fourth assignments of error refer to the admission in evidence of the records and book accounts of the plaintiff relating to the transactions involved and the testimony as to the manner in which those records were made up.

The bookkeeper and bill clerk of the plaintiff testified at length as to the manner in which the records of the sales of merchandise were kept in the establishment of the plaintiff. The extent of the business of the establishment rendered it absolutely impossible to keep a counter book in which all sales made by the store were set down in chronological order. The accounts could not all be kept in a single ledger, and the account of this defendant was known as ledger "CA," which was in charge of Miss Mayberry who was called a ledger clerk, and Miss Heron called a bill clerk. These witnesses described the manner in which transactions with those who had credit or charge accounts were recorded. It is unnecessary to say that the sales clerks employed in this establishment number many hundreds, and are located in scores of different departments. The clerk making a sale upon credit made out a sales slip stating the date, describing each article sold, the price thereof, if more than one article the total amount of the sale, the name and address of the purchaser and if the purchaser produced a "store coin," or token, entitling her to credit, so stating and giving the number of said coin. This memorandum was referred to in the testimony as a schedule

or sales slip. The sales slip was then sent to the accounting department where the total amount of the charge, without specifying items, was entered in the ledger by the ledger clerk, who immediately passed it to the bill clerk. The bill clerk made from this sales slip, by a single operation of the typewriter, two itemized statements of the sale, one referred to in the evidence as the original, being retained until the end of the month when it was sent to the purchaser, and the other, which was called a carbon copy, being retained by the seller and at the end of the month bound with other records of sales during the month to the same and other purchasers whose accounts were kept in the ledger "CA." The clerks who in this case made the entries in the ledger and two binders, for the months of April and May, which contained the carbon copies of the bills which were sent to the defendant, testified that they made the entries promptly at the time of the transactions to which they referred. The books were offered in evidence, and the defendant, while not objecting to the admission of the ledger, did object to the two binders. This objection was upon two grounds: First, that the binders contained only carbon copies of the bills which were sent to the defendant and not being originals, could not be admitted, and second, that, even if originals, they were not books of original entry, for the reason that the original records were the sales slips. There is no merit in the first ground of objection. Where several copies of a writing are made at the same time by the same mechanical operation each is to be regarded as an original and is admissible as such: Otto v. Trump, 115 Pa. 425; Cole v. Ellwood Power Co., 216 Pa. 283; Behrens v. Mountz, 37 Pa. Superior Ct. 326; 22 Corpus Juris, section 1314. The evidence established that, under the plaintiff's system of accounting, the binders contained the first permanent record of the charge against those who had purchased goods on credit, and that the entries were made in the regular course of the business. The sales slips come from hundreds of different

clerks, they are merely memoranda, from which are made up the books of original entry: Hoover v. Gehr, 62 Pa. 136; Phila. v. Tradesmens Trust Co., 38 Pa. Superior Ct. 286.

When the business of the country was conducted in small establishments, in many of which no clerk or bookkeeper was employed, books of original entries, verified by the oath of the party, that the entries were made by him, were received in evidence from necessity, for otherwise there would be in many localities a stagnation of all credit: Curren v. Crawford, 4 S. & R. 2. Many of the cases which dealt with the question of the admissibility of such books in evidence arose at a time when the general rule was that any personal interest in the litigation rendered a party incompetent as a witness. It is not, therefore, strange that very stringent rules were applied in passing upon the question of the admissibility of the books, when the only evidence to sustain them was the testimony of the plaintiff who was seeking to recover. For the admissibility of the books in evidence, the important consideration is that no better evidence is practically available. Modern conditions of doing business have introduced a new element of unavailability, that of practical inconvenience. The hundreds of clerks in a large department store, each of whom has many transactions a day, cannot be expected to have any personal recollection of the details of each transaction, their shares in which were routine, administrative and practically automatic. The question of the admissibility of the business records of such an establishment were so ably discussed by our Brother HEAD in the opinions in Lowenstein v. Greenbaum, 65 Pa. Superior Ct. 19, and Evans v. Commercial Trust Co., 76 Pa. Superior Ct. 304, that we deem it unnecessary to supplement what was there said. The fact that plaintiff in this case temporarily preserved the sales slips did not render them books of original entry, but they were admissible in evidence for the pur-

pose of showing the details of the transaction. The first, second and fourth specifications of error are overruled.

The third specification of error is founded on an exception to the admission of evidence as to the terms of the agreement upon which credit was extended by the plaintiff to the defendant. That testimony disclosed that the defendant had applied for and received from the plaintiff a store "coin" or token, with the understanding that upon presentation thereof in any department of the store she was entitled to purchase goods upon credit and take the goods with her or order them to be sent to any address which she might see fit to give. But what is still more important, any one presenting the token and giving the name of the defendant could purchase goods upon her credit. The defendant in her testimony admitted that she knew all this to be the effect of the possession of the coin, and that she had availed herself of the fact, by permitting members of her family and a family servant to use the coin in the purchase of goods in her name and that she had paid the bills. It was altogether competent for the plaintiff to produce evidence which established the exact relation in which the parties dealt with each other. The third specification of error is overruled. The case was for the jury and the court properly refused binding instructions.

The judgment is affirmed.