## Orr's Estate.

*Books of original entry — First permanent record — Book consisting of copies of bills.*

1. A book consisting of copies of bills based on slips made by workmen which were subsequently destroyed, so that the book was the first permanent record, is admissible in evidence as a book of original entry.

2. A claim sustained by such evidence is properly allowed, notwithstanding the fact that it was disputed by the decedent, if the executor failed to present evidence to establish its invalidity.

*Practice, O. C.—Equitable relief—Mistake.*

3. It is only in cases of mutual mistake that relief is given in equity.

Exceptions to adjudication. O. C. Phila. Co., July T., 1923, No. 2633.

*Bertram K. Wolfe*, for Frankford Motors Company, and *William F. Brennan*, for Charles Ries, exceptants.

*Fred J. Knaus*, for executor, contra.

Orr's Estate.

VAN DUSEN, J., Feb. 20, 1925.—The first set of exceptions relates to the refusal of the Auditing Judge to allow the claim of Frankford Motors Company in the sum of $427.65 for work done and materials furnished in repairing an automobile.

At the first hearing the claimant offered a copy of account, which it was admitted on behalf of the executor was a correct copy of its book of original entries. Later in the hearing the claimant's manager was called to the stand and produced the book, and it was objected on behalf of the executor that it was not a book of original entry. No harm was done the claimant by this withdrawal of the admission, as the book itself was at hand.

It appeared that each day as work was done and materials furnished to a "job" in the claimant's shop, report thereon was made by workmen on slips to the manager, who approved the charge, affixed the price and turned the slip over to a clerk. The same day the items were typewritten upon a bill-head, of which a carbon copy was made at the same time. The bill-head was filed away and taken out every day that entries were made. At the end of the month a bill was sent to the customer. The copies of the bills were bound into a volume, which was produced in court, and this formed the first permanent record, as the slips were destroyed. This book was rejected by the Auditing Judge. That it is a book of original entries under modern business conditions was ruled in Wanamaker v. Chase, 81 Pa. Superior Ct. 201, and we think it should have been admitted as such. The claim was then supported by some evidence, and the burden was on the estate to rebut the implied promise to pay thereby shown.

It appears that claimant repaired the truck and delivered it to the decedent Aug. 31, 1919 (page 44 of transcript), and the decedent paid the bill for such repairs in August, 1920, approximately a year after the truck had been repaired and returned to him. The first item of charge which is the basis of the present claim is under date of Sept. 9, 1921—over two years after the truck had been repaired and returned to the decedent, and over one year after he had paid the bill for such repairs. In March and September, 1922, the decedent made substantial cash payments in part payment for the work and materials for which the balance now claimed is alleged to be due.

For the defence, it appeared from the testimony of the executor, who was decedent's attorney, that the claim was presented for collection in decedent's lifetime. At a conference of claimant's attorney (since deceased), claimant's representative, the witness and the decedent, the latter disputed the bill on the ground that a truck or trucks had been sent to the claimant for repairs for which there had been a written estimate, that when the trucks were returned, they—or one of them—were not in working condition and could not be used, and that the sum now claimed was for work done on the truck or trucks afterwards for the purpose of trying to remedy the trouble. The conference ended in a proposed further conference between claimant and decedent in an. attempt to arrive at a settlement, and nothing further resulted. A careful reading of the testimony does not disclose that the claimant then admitted that the facts were as stated by decedent.

Moreover, the testimony shows that decedent's attorney knew nothing of his own knowledge except that the claim was disputed, and we think this fact ineffective to defeat the claim.

As there was evidence to support the claim and none to support the defence, the exceptions of the Frankford Motors Company are sustained and the claim is allowed in the sum of $427.65, with the concurrence of the Auditing Judge.

Orr's Estate.

Charles Ries presented a claim for $500 paid under an alleged mutual mistake of fact. On April 11, 1907, decedent conveyed a house on Stella Avenue to him and took a mortgage for $2000. Certain books of account were produced, which were kept for the decedent by a real estate broker who handled some of his affairs. Claimant points to the journal entry therein as follows:

Dec. 31, 1920

| Ledger (104) | Ledger (188) | | C. Ries | | James W. Orr |
|---|---|---|---|---|---|
| Settlement received for Stella Ave. work | | | | | 2500.50 |
| | (in pencil) | | Mtge. | 2500. | |
| | | | sat. fee | .50 | |
| | | | | | 2500.50 |

This was posted to the debit side of a ledger account with Ries, where a similar pencil note occurs, and where (with other items) it went to make up a debit balance of $2188.63, which was paid in full March 15, 1920. It is argued that this shows an error of $500 in the payment, as the mortgage was for $2000. The journal entry, however, is also posted to the credit side of another account, as book-keeping requires. Claimant's counsel protests against an examination of this account because it was not offered in evidence, and because, on its face, it has no connection with Ries. If this be so, we cannot consider the accounts and entries which are in evidence because they are on their face incomplete. We cannot gather decedent's admission from one entry alone, but must take all the inter-related entries.

This journal entry is the only substantial evidence offered tending to show a mistake. Claimant's analysis of the interest charges, and the unfavorable inferences sought to be drawn from the failure of the executor to call the book-keeper as a witness, would be only corroborative of some features of the claim. These matters would not be sufficient in themselves to establish the claim, even if we were disposed to give them the full value ascribed to them by the claimant.

Lest any injustice be done, we have followed the journal entry on the credit side from one account to another, and find that it is set off against a cost of work on Stella Avenue amounting to $2497.50, a discrepancy of only $2.50. It is at least equally probable that decedent intended to receive from Ries the full cost of the work and not $497.50 less, and that the mistake, nine months after the payment was made, was not in the amount of the debt, but was in noting the part of the debt that was secured by mortgage.

No effort was made by the claimant to show that he made any mistake. It is true that his difficulties are probably insuperable, but it is only in cases of mutual mistake that relief is given. He made a voluntary settlement, which he did not seek to disturb for nearly three years and a half in decedent's lifetime. The mortgage remained unsatisfied at decedent's death, and a demand for payment by the executor resulted in the assertion that it had been paid, an examination of the accounts and a claim of overpayment based on the journal entry. We understand that it is conceded that the mortgage has been paid and should be satisfied.

The exceptions of Charles Ries are dismissed and the adjudication, as modified by this opinion, is confirmed absolutely.

LAMORELLE, P. J., did not sit.